**Russell W. NEWCOMB, M.D., Plaintiff–Appellee,**

v.

**STANDARD INSURANCE COMPANY, a foreign corporation, Defendant–Appellant.**

No. 98–35986.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 10, 1999

Filed Aug. 9, 1999

David L. Bacon, Thelen, Reid & Priest, Los Angeles, California, for the defendant-appellant.

Robyn M. Brody and John Hohnhorst, Hepworth, Lezamiz & Hohnhorst, Twin Falls, Idaho, for the plaintiff-appellee.

Before: LAY,[1] GOODWIN and McKEOWN, Circuit Judges.

LAY, Circuit Judge:

Dr. Russell W. Newcomb, a surgeon, brought this suit against Standard Insurance Company asserting long-term disability under the civil enforcement provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* The district court determined that Newcomb was entitled to disability benefits and granted his motion for summary judgment. Standard appealed the judgment under Federal Rule of Civil Procedure 54(b) claiming that the district court erred in holding that Standard abused its discretion when it denied Newcomb's claim and in not entering judgment in favor of Standard. We affirm.

■ Standard claims that its decision to deny benefits under the plan should be reviewed under the abuse of discretion standard because the policy conferred adequate discretion upon it as the plan administrator. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989) (holding that denial of benefits under an ERISA plan is reviewed *de novo* "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan"). The district court agreed with Standard and reviewed the policy for an abuse of discretion. In so doing, the district court found that it was bound by *Snow v. Standard Insurance Co.,* 87 F.3d 327 (9th Cir.1996).[2] In *Snow,* the court

---

1. The Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

2. The original holding in *Snow* was reversed in a per curiam nonpublished opinion, *Snow v. Standard Insurance Co.,* No. 97–55508, 1999 WL 369799 (9th Cir. May 13, 1999), by reason of the intervening en banc decision in *Kearney v. Standard Insurance Co.,* 175 F.3d 1084 (9th Cir.1999).

considered an insurance policy issued by Standard which provided that there would be no benefit payment unless Standard was presented with "satisfactory written proof of the claimed loss." *Id.* at 330. The court held that the policy language conferred sufficient discretion on Standard as the plan administrator. Therefore, the court held that the district court correctly determined that the appropriate standard to review the denial of benefits was abuse of discretion. *Id.* The decision in *Snow,* however, is no longer the controlling law in this circuit. In *Kearney v. Standard Insurance Co.,* 175 F.3d 1084, 1089 (9th Cir. 1999), the en banc court construed the language "will pay the LTD BENEFIT described in Part 8 upon receipt of satisfactory written proof that you have become DISABLED" as ambiguous and, therefore, subjected the denial of benefits to *de novo* review.

Standard relies on specific language to distinguish the policy in this case from that of *Kearney* and *Snow.* Although the satisfactory written proof of loss language is present in the instant case, Standard relies on a provision which provides that a claimant must submit "written authorization for STANDARD to obtain the records and information needed to determine [the claimant's] eligibility for LTD BENE-FITS." Standard argues that this provision confers adequate discretion so as to subject the denial of benefits to an abuse of discretion review.

Standard relies on two cases to support its argument that the words "to determine" are dispositive of the standard of review. First, in *Eley v. Boeing Co.,* 945 F.2d 276, 278 n. 2 (9th Cir.1991), the court held that the language "[t]he Company shall determine the eligibility of a person for benefits under the plan," sufficiently conferred discretion so as to make abuse of discretion the appropriate standard of review. Second, in *Bogue v. Ampex Corp.,*

976 F.2d 1319, 1324 (9th Cir.1992), the court reviewed a Plan Administrator's decision to deny benefits for an abuse of discretion due to the language "[t]he determination ... will be made by Allied-Signal upon consideration of whether the new position ... has responsibilities similar to those of your current position."

These two cases are clearly distinguishable from this case. As was pointed out in *Kearney,* the court in *Bogue* found "that an administrator had discretion only where discretion was 'unambiguously retained' by the administrator." *Kearney,* 175 F.3d at 1090 (citing *Bogue,* 976 F.2d at 1325). Discretion was not "unambiguously retained" in this case.[3] Merely using the word "determine" in the policy does not insure that the denial of benefits will be reviewed for abuse of discretion. The word determine in this case was used in a provision which functioned to inform the claimant that he had to provide Standard with authorization to obtain records. The primary function of this provision is *not* to confer discretion. We are, therefore, not persuaded that this use of the word "determine" confers the appropriate discretion, and hold that the correct standard of review is *de novo.*

■ Under *de novo* review, the question now becomes whether there is a genuine issue of material fact surrounding Dr. Newcomb's disability. Standard points out several facts which put Dr. Newcomb's disability in question through the opinion of Dr. Zivin, the "independent medical expert." The district court, however, held that the lone opinion of Dr. Zivin does not overcome all of the other evidence. As the district court stated:

> The opinions of Drs. Desmond, Hammond, and Petajan, establish that Dr. Newcomb had right-sided weakness that

---

3. This case is also distinguishable from *Bendixen v. Standard Insurance Co.,* 185 F.3d 939 (9th Cir.1999), a case decided after *Kearney,* in which this court determined that the policy conferred discretion upon the Plan Adminis-

trator and was, therefore, reviewed for an abuse of discretion. In *Bendixen,* the policy included an "Allocation of Authority" section which unambiguously conferred discretion. There is no such provision cited in this case.

precluded him from practicing as a surgeon. Two of those physicians are neurologists with special expertise to diagnose Dr. Newcomb's disability. Their medical opinions are backed by Hospital Administrator Marley Jackman who concluded that Dr. Newcomb should be placed on permanent medical leave because he was no longer able to practice as a surgeon.

Dr. Zivin's lone contrary opinion is simply overwhelmed by this substantial evidence.

■ Although the district court reviewed Standard's decision to deny benefits under the abuse of discretion standard, its opinion is complete with the factual findings required under a *de novo* review. In other words, the district court's opinion is a testament to the Rule 52 findings that are required under *Kearney*. *See Kearney*, 175 F.3d at 1095. In fact, one of Standard's original arguments is that the district court incorrectly applied the abuse of discretion standard by weighing the evidence, which is inappropriate in a summary judgment proceeding. This, however, is precisely the task the court would face if the case was remanded for *de novo* review. In light of this, we see no practical purpose in remand and, therefore, we affirm the judgment of the district court.

AFFIRMED.