Michelle SANDY, Plaintiff–Appellant,

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant–Appellee.**

No. 99–55366.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2000.

Filed Aug. 22, 2000.

---

Jeffrey C. Metzger, Laguna Hills, California, for the plaintiff-appellant.

David A. Lingenbrink and Jennifer L. Kurzon (argued), Galton & Helm, Los Angeles, California, for the defendant-appellee.

Before: RYMER, KLEINFELD, and PAEZ, Circuit Judges.

RYMER, Circuit Judge:

Michelle Sandy's disability benefits were terminated when Reliance Standard Life Ins. Co., her ERISA Plan's Administrator, determined that she could perform her regular occupation as an accountant at Toshiba American Medical Systems. She filed suit, and the district court—before our decision in *Kearney v. Standard Ins. Co.*, 175 F.3d 1084 (9th Cir.1999) (en banc)—held that the Plan conferred discretionary authority on Reliance, reviewed Reliance's decision for abuse of discretion, and found none.

The ERISA Plan in this case requires a participant to "submit satisfactory proof of total disability" to the Plan administrator (Reliance). If Reliance denies the claim, it must provide "the specific reason or reasons for denial with reference to the policy provisions on which the denial is based" along with a description of additional ma-

terial or information necessary to complete the claim. If the denial is appealed, Reliance must make a "full and fair review"; it may "require additional documents as it deems necessary or desirable in making such a review"; and "the final decision on review shall be furnished in writing and shall include the reasons for the decision with reference, again, to those policy provisions upon which the final decision is based."

The question is whether, in the post-*Kearney* world, this suffices to confer discretion on Reliance such that judicial review of its discontinuation of benefits should be for abuse of discretion, or de novo. We think the answer must be de novo.

■ It is easy to see why the district court concluded otherwise, for before *Kearney* we had never said that a clause requiring "satisfactory proof" was insufficient to confer discretion, or that language to this effect, together with language relating to the claims procedure and determination of continuation or termination of benefits, was insufficient to grant the discretionary authority necessary for invoking an abuse of discretion standard.[1] However, in *Kearney,* we tightened the reins. First, we reiterated the rule from *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), that " 'denial of benefits challenged under [29 U.S.C.] § 1132(a)(1)(B) is to be reviewed under a *de novo* standard unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.' " *Kearney,* 175 F.3d at 1089 (quoting *Firestone,* 489 U.S. at 115, 109 S.Ct. 948) (alteration in origi-

nal). As we explained, "[t]hat means the default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." *Kearney,* 175 F.3d at 1089. The Plan at issue in *Kearney* stated that Standard, the Plan Administrator, would pay disability benefits "upon receipt of satisfactory written proof that you have become DISABLED." Standard argued that the word "satisfactory" implied discretion, but we held that it did not because the phrase is ambiguous. "Only by excluding alternative readings as unreasonable could we conclude that the conferral of discretion is unambiguous." *Kearney,* 175 F.3d at 1090. Thus, a plan will not sufficiently confer discretion sufficient to invoke review for abuse of discretion just because it includes *a* discretionary element. Rather, the power to apply that element must also be "unambiguously retained" by the administrator. *Id.* (quoting *Bogue v. Ampex Corp.,* 976 F.2d 1319, 1325 (9th Cir.1992), *cert. denied,* 507 U.S. 1031, 113 S.Ct. 1847, 123 L.Ed.2d 471 (1993)).

■ Reliance argues that its "satisfactory proof" language is different from Standard's in *Kearney,* and it is—but not meaningfully so. No matter how you slice it, requiring a claimant to submit "satisfactory proof" does not unambiguously confer discretion under *Kearney.*[2] *See also Newcomb v. Standard Ins. Co.,* 187 F.3d 1004, 1006 (9th Cir.1999) (provision requiring "satisfactory written proof of loss" controlled by *Kearney;* and language providing that claimant must submit "written authorization for STANDARD to obtain the records and information needed to determine eligibility for LTD BENEFITS"

---

1. Indeed, we had previously held in *Snow v. Standard Ins. Co.,* 87 F.3d 327 (9th Cir.1996), that the identical "satisfactory proof" language *did* confer discretion; so had the Sixth Circuit with respect to substantially identical language in *Perez v. Aetna Life Ins. Co.,* 150 F.3d 550 (6th Cir.1998).

2. We realize that this puts us in the awkward position of construing the effect of identical

language in plan documents of the same insurer differently from the Sixth Circuit, which held that the requirement that a claimant submit "satisfactory proof of Total Disability to us" sufficiently granted discretion to Reliance in *Yeager v. Reliance Standard Life Insurance Co.,* 88 F.3d 376 (6th Cir.1996). However, we are bound by *Kearney.*

does not unambiguously retain discretion because the primary function of this provision was to inform the claimant that he had to provide authorization, not to confer discretion).

■ Nor, under *Kearney,* is discretion conferred by way of the parcel of duties set out in the Summary Plan Document's "full and fair review" provisions. Reliance maintains that even apart from requiring satisfactory proof of disability, language which requires a statement of reasons for denial of benefits and provides for "full and fair review" of a claim on appeal necessarily implies discretion. Sandy contends that this language is just as ambiguous as "satisfactory proof" because it, too, can be read in three ways: to say that Reliance is required to use an objectively full and fair procedure in reviewing claims appeals; to say that Reliance would have to arrive at a substantively fair result; and to say that Reliance is required to make a subjective determination, pursuant to its fiduciary duty, as to whether a disability exists. Reliance does not argue this is incorrect so much as it points out that the "full and fair review" language is almost exactly the same as the Plan which we held conferred discretion in *Patterson v. Hughes Aircraft Co.,* 11 F.3d 948, 949–50 (9th Cir.1993). Regardless, Sandy counters, it cannot survive *Kearney* because the "full and fair review" provision simply tracks the statutory mandate in 29 U.S.C. § 1133.[3] If reciting the statutory language confers discretion sufficient to warrant review for abuse of discretion, then the statute itself confers discretion and no

review would ever be de novo—which would be contrary to *Firestone.*

We need not tarry long with these arguments, because it seems clear to us that de novo review is required under *Kearney.* Even if *Patterson* survives, we indicated that the Hughes Plan at issue there "grants the plan administrator power to determine eligibility, and grants Centennial, as the administrator's fiduciary, authority to review that determination." *Patterson,* 11 F.3d at 949. While the specific provisions we noted do not do this unambiguously,[4] we take our statement at face value and on this footing distinguish the plan in *Patterson* from the plan in this case.

Here, unlike other plan provisions we have held conferred discretion, there is no language conferring authority on Reliance to determine eligibility, to construe the terms of the Plan, or to make final and binding determinations. For example, the plan in *Bogue,* 976 F.2d at 1324, stated that "[t]he determination ... will be made by Allied–Signal upon consideration of whether the new position ... has responsibilities similar to those of your current position"; the plan in *Eley v. Boeing Co.,* 945 F.2d 276, 278 n. 2 (9th Cir.1991), provided that "[t]he Company shall determine the eligibility of a person for benefits under the plan, pursuant to the terms and conditions specified"; and the plan in *Jones v. Laborers Health & Welfare Trust Fund,* 906 F.2d 480, 481 (9th Cir.1990), specified that "[t]he Board of Trustees shall have power ... to construe the provisions of this Trust Agreement and the

3. Section 1133 provides:

In accordance with regulations of the Secretary, every employee benefit plan shall- (1) provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

29 U.S.C. § 1133.

4. We noted that "[t]he Plan instructs an employee to file a claim with the plan administrator, who will issue a '[w]ritten decision[ ] of approval or denial,' including, in the event of a denial, a 'clear reference to the Plan provisions upon which the denial is based.' The claimant may then request a review of the denial by the insurance company, which, after a 'full and fair evaluation,' will also issue a written decision that includes 'specific reasons for the decision, with reference to Plan provisions on which the decision is based.'" *Patterson,* 11 F.3d at 949 n. 1.

Plan, and any such construction adopted by the Board in good faith shall be binding." Recently, we concluded in *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1107 (9th Cir.2000) that a plan which gave the administrator "sole discretion to interpret the terms of the Plan" and whose interpretations "shall be conclusive and binding" conferred discretion sufficient to overcome the presumption in favor of de novo review; and in *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 943 & n. 1 (9th Cir. 1999), we held that language which acknowledged that "we have full and exclusive authority to . . . interpret the Group Policy and resolve all questions arising in the . . . interpretation, and application of the Group Policy" along with a provision that "any decision we make in the exercise of our authority is conclusive and binding" "clearly" confers discretion to decide whether a claimant is disabled.

In the absence of some such language, *Kearney* does not permit discretion to be inferred simply from the fact, standing alone, that Reliance is making benefits decisions for which it must give reasons. Although the "full and fair review" language does connote discretionary decision-making, it does not unambiguously grant Reliance power to determine eligibility, power to construe the terms of the Plan, or power to make decisions that are final and binding.

This appears to be easy enough to do, if plan sponsors, administrators or fiduciaries want benefits decisions to be reviewed for abuse of discretion. Otherwise, in this circuit at least, they should expect de novo review.[5]

■ Although different circuits approach the standard of review somewhat differently,[6] we see great value in clarity

---

5. By this, of course, we mean review on the record that was before the administrator unless "circumstances clearly establish that additional evidence is necessary." *Kearney*, 175 F.3d at 1090 (quoting *Mongeluzo v. Baxter Travenol Disability Benefit Plan*, 46 F.3d 938, 944 (9th Cir.1995)) (internal quotations omitted).

6. The First Circuit has applied arbitrary and capricious review to a trust document that gave trustees "without limitation . . . the power . . . to . . . promulgate and establish rules . . . and formulate and establish conditions of eligibility" and to do all acts they deem necessary, having construed the power to create "rules" governing "conditions of eligibility" "as carrying with it a similarly broad implied power to interpret those rules." *Diaz v. Seafarers Int'l Union*, 13 F.3d 454, 457 (1st Cir. 1994).

The Second Circuit has indicated that "magic words" such as "discretion" and "deference" are not "absolutely necessary" for abuse of discretion review, but are certainly helpful. *Compare Kinstler v. First Reliance Standard Life Ins. Co.*, 181 F.3d 243, 251–52 (2d Cir.1999) (holding that the phrase "submit [ ] satisfactory proof of Total Disability to us" contained "needless ambiguity") *with Ganton Technologies, Inc. v. National Industrial Group Pension Plan*, 76 F.3d 462, 466 (2d Cir.1996) (Plan providing that trustees had authority to "resolve all disputes and ambiguities relating to the interpretation of the Plan" sufficed to invoke review for abuse

of discretion) *and Jordan v. Retirement Committee of Rensselaer Polytechnic Institute*, 46 F.3d 1264, 1269–71 (2d Cir.1995) (provision that Committee "shall pass upon all questions concerning the application or interpretation of the provisions of the Plan" suffices to overcome the *Firestone* presumption).

The Third Circuit (like the Ninth) follows the rule of "contra preferentem" and has indicated that the grant of discretion should be "clear and unequivocal." *Compare Heasley v. Belden & Blake Corp.*, 2 F.3d 1249, 1254–58 (3d Cir.1993) (applying de novo review to language that "[w]e will evaluate the proposed admission for certification of medical necessity and appropriateness under the terms of the Master Group Policy and send a letter documenting the recommendation to you"), *with Mitchell v. Eastman Kodak Co.*, 113 F.3d 433, 438 (3d Cir.1997) (applying abuse of discretion standard to plan which provided that "[i]n reviewing the claim of any participant, the Plan Administrator shall have full discretionary authority to determine all questions arising in the administration, interpretation and application of the plan. In all such cases, the Plan Administrator's decision shall be final and binding upon all parties.").

In the Fourth Circuit, language that the administrator has power to "determine all benefits and resolve all questions pertaining to administration, interpretation and application of Plan provisions, either by rules of general applicability or by particular decisions" triggers abuse of discretion review. *de*

(no matter what the rule is). *Kearney* has settled the rule for us. That being so, there is little point in litigating the standard of review in every ERISA case where benefits have been denied. To do so is expensive, time-consuming, and draining for the parties as well as the courts. Moreover, the process by which benefits disputes are resolved should be more efficient, not less. Neither the parties nor the courts should have to divine whether discretion is conferred. It either is, in so many words, or it isn't. For sure, there is no magic to the words "discretion" or "authority"—but we're not at Hogwarts. Therefore, it should be clear: unless plan documents unambiguously say in sum or substance that the Plan Administrator or fiduciary has authority, power, or discretion to determine eligibility or to construe the terms of the Plan, the standard of review will be de novo.

We must, therefore, remand for the district court to decide whether Reliance

*Nobel v. Vitro Corp.*, 885 F.2d 1180, 1186 (4th Cir.1989).

The Fifth Circuit has stated that "an administrator has no discretion to determine eligibility or interpret the plan unless the plan language expressly confers such authority," has noted that the standard of review does not hinge "on incantation of the word 'discretion' or any other 'magic word,'" and has held sufficient for abuse of discretion review language specifying that the administrator "has the authority to control and manage the administration and operation of the Plan" and "shall prescribe such forms, make such rules, regulations, interpretations and computations and shall take such other action to administer the Plan as [the Administrator] may deem appropriate." *Chevron Chemical Co. v. Oil, Chemical & Atomic Workers Local Union 4–447*, 47 F.3d 139, 142–43 (5th Cir.1995) (internal quotations omitted). *But see Estate of Bratton v. National Union Fire Ins. Co.*, 215 F.3d 516, (5th Cir. 2000) (reviewing denial of benefits under de novo standard because the policy does not give the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan).

The Sixth Circuit requires that the plan's grant of discretionary authority to the administrator be "clear," but language requiring "satisfactory proof" is sufficient. *See Perez*, 150 F.3d at 555–56 (administrator "shall have the right to require as part of the proof of claim satisfactory evidence ... that [the claimant] has furnished all required proofs for such benefits"); *Yeager*, 88 F.3d at 380 ("satisfactory proof of Total Disability to us").

The Seventh Circuit has interpreted the phrase "all proof must be satisfactory to us" in accord with the Sixth Circuit, *Donato v. Metropolitan Life Ins. Co.*, 19 F.3d 375, 379 (7th Cir.1994), and has also concluded that when the Plan provides that "benefits will be payable only upon receipt by the Insurance Carrier or Company of such notice and such due proof, as shall be from time to time required, of such disability," review should be

for abuse of discretion, *Patterson v. Caterpillar, Inc.*, 70 F.3d 503, 505 (7th Cir.1995). It has also reviewed an administrator's decision under the arbitrary and capricious standard under a Plan that states the "Claims Administrator shall be entitled to use its discretion in good faith in reviewing claims submitted under this Plan, and its decisions shall be upheld absent any arbitrary and capricious action on the part of the Claims Administrator." *Hightshue v. AIG Life Ins. Co.*, 135 F.3d 1144, 1147 (7th Cir.1998). *But see Michael Reese Hosp. & Medical Center v. Solo Cup Employee Health Benefit Plan*, 899 F.2d 639, 641 (7th Cir.1990) ("authority to control and manage the operation and administration of the Plan" is not sufficient for abuse of discretion review).

In the Eighth Circuit, the "proper way to secure deferential court review of an ERISA plan administrator's claims decisions is through express discretion-granting language." *Brown v. Seitz Foods, Inc. Disability Benefit Plan*, 140 F.3d 1198, 1200 (8th Cir. 1998). Requiring written proof of loss does not suffice, *id.*, nor does requiring "adequate proof of loss." *See Bounds v. Bell Atlantic Enter. Flexible Long–Term Disability Plan*, 32 F.3d 337, 339 (8th Cir.1994).

The Eleventh Circuit has held that reservations of "full and exclusive authority to determine all questions of coverage and eligibility" and to interpret ambiguous sections of the plan make interpretations of the plan subject to review under the arbitrary and capricious standard. *Cagle v. Bruner*, 112 F.3d 1510, 1517 (11th Cir.1997) (internal quotations omitted).

The D.C. Circuit has reviewed only for reasonableness decisions of an administrator when the plan vests in it power "to interpret and construe the Plan, [and] to determine all questions of eligibility and the status and rights of Participants." *Block v. Pitney Bowes Inc.*, 952 F.2d 1450, 1452 (D.C.Cir.1992) (reviewing cases up to then) (internal quotations omitted).

properly determined that Sandy was no longer disabled.[7]

REVERSED AND REMANDED.

---

**7.** In light of this disposition, we do not reach the other issue that Sandy raises on appeal, that if an abuse of discretion standard applies, Reliance abused its discretion by requiring that proof of disability be made through "objective" evidence absent plan language expressly so stating.