**Terry L. MIZZELL, Plaintiff,**

v.

**The PAUL REVERE INSURANCE COMPANY, et al., Defendants.**

**No. SACV 03–823 JVS(CTx).**

United States District Court,
C.D. California,
Southern Division.

Aug. 25, 2003.

Scott A. Martin, Eileen Spadoni, Pivo, Halbreich, Martin, Wilson & Amo, Irvine, CA, for Plaintiff.

Edwin A. Oster, Robert K. Renner, Barger & Wolen, Irvine, CA, Bruce D. Celebrezze, Dennis G. Rolstad, Sedgwick, Detert, Moran & Arnold, San Francisco, CA, for Defendant.

*Memorandum of Decision re Standard of Review and Related Issues*

SELNA, District Judge.

At a hearing on June 9, 2003, the Court requested that the parties brief two separate but somewhat interrelated issues:

*What standard of the review is the Court to apply in reviewing a decision to deny disability coverage made by a plan administrator under a plan governed by ERISA?*

*Must the Court's decision be made exclusively on the basis of the administrative record before the plan administrator, or is plaintiff Mizzell entitled to supplement the record through discovery?* [1]

As explained below, the Court concludes that with respect to Paul Revere, the appropriate standard of review is "abuse of discretion," and that the Court's review must be based exclusively on the administrative record. The Court reaches the same conclusion with respect to Hartford to the extent that its denial was predicated on any ground other than untimeliness. The Court concludes that review of Hartford's decision to deny Mizzell's claim as untimely should be *de novo*. Mizzell is entitled to limited discovery on the untimeliness defense and the "notice-prejudice" rule.

## I. *Standard of Review.*

Plaintiff Terry Mizzell ("Mizzell") claims disability benefits under separate plans administered by Hartford Life Insurance Company and Hartford Life and Accident Insurance Company (collectively "Hartford") and Paul Revere Life Insurance Company and Unum Provident Corporation (collectively "Paul Revere"). There is no dispute that the plans are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The insurers argue that "abuse of discretion" is the correct standard; Mizzell argues for *de novo* review.

■ The beginning point for the analysis is the plan documents. Where the plan documents grant the administrator discretion in making decisions or in interpreting the scope of the plan, the Supreme Court has said that abuse of discretion is the appropriate standard. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). The Ninth Circuit's decision in *Sandy v. Reliance Standard Life Ins. Co.,* 222 F.3d 1202, 1207 (9th Cir.2000) sets a more precise requirement in determining whether a plan administrator's decisions are reviewed for abuse of discretion: the "plan documents [must] unambiguously say in sum or substance that the Plan Administrator or fiduciary has authority, power, or discretion to determine eligibility or to construe the terms of the Plan"; otherwise the review is *de novo*.

### A. *The Hartford Plan.*

■ The Hartford plan document vests the plan administrator with broad discretion:

> The Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy. (Policy, Section I, p. 3.)

Although brief, the foregoing statement meets the requirements of *Sandy*.[2]

■ Because Hartford denied Mizzell's claim as untimely, Mizzell contends that his claim is not preempted by ERISA, and that the carrier is subject to the "notice prejudice" rule. *UNUM Life Ins. Co. v. Ward,* 526 U.S. 358, 373, 377, 119 S.Ct. 1380, 143 L.Ed.2d 462 (1999). Under California law, before an insurance carrier can deny a claim as untimely under the terms of the policy, the carrier must show that it has in fact sustained prejudice as a result of the delayed tender.[3] In *UNUM,* on

---

**1.** Mizzell also raises the issue of discovery by separate motions.

**2.** The Court notes Hartford's extended discussion of the application and scope of the abuse of discretion standard. Hartford Opening Brief, pp. 3–7. However, the present issue is the more fundamental question of the correct standard.

**3.** *Shell Oil Co. v. Winterthur Swiss Ins. Co.,* 12 Cal.App.4th 715, 760–61, 15 Cal.Rptr.2d 815 (1993).

virtually analogous facts, the Supreme Court held the untimeliness claim was not governed by ERISA. Given that this portion of Mizzell's claim does not fall under an ERISA preemption, he is entitled to *de novo* review. However, to the extent that Hartford denied the claim on any other ground, that decision would be tested under the abuse of discretion standard.

## B. *The Paul Revere Plan.*[4]

■■■ The Paul Revere Benefits Summary states in direct, plain, and unambiguous language that the administrator has discretion:

The Paul Revere Life Insurance Company has final *decision-making authority to determine eligibility for benefits and to interpret its Policy* and may be necessary in order to make claims determinations.

. . .

The Claims Administrator has *full, final, complete, conclusive, and exclusive discretion* to determine eligibility for coverage and benefits under the Group Policy, to determine the amount of any benefits under the Group Policy, and to construe and interpret the terms and conditions of the Group Policy and all related documents. (Benefits Summary, p. PRL000599 (emphasis supplied).)

It is difficult to imagine a more sweeping statement of the plan administrator's discretion. Under *Sandy*, as well as the Ninth Circuit's earlier decisions, *Taft v.*

*Equitable Life Assurance Society*, 9 F.3d 1469, 1471 (9th Cir.1993), the decision of the Paul Revere plan administrator is subject to review only for abuse of discretion. (222 F.3d at 1207.)

■■■ Mizzell makes much of the fact that the Paul Revere policy does not reflect the discretionary powers set forth in the Benefits Summary. Silence does not create a conflict, and Mizzell cites no inconsistencies in the Policy which would contradict the grant of discretion reflected in the Benefits Summary. While Mizzell correctly notes that the Policy will override the Benefits Summary, there is nothing to override. The Court believes that the plan documents should be read as a whole, and when they are, the grant of discretion clearly meets the requirements of *Sandy.*

■■■ Mizzell raises one final argument for *de novo* review. The Benefits Summary was apparently not issued and distributed until after Mizzell had submitted his claim.[5] Relying upon *Ingram v. Martin Marietta Long Term Disability Income Plan for Salaried Employees of Transferred GE Operations*, 244 F.3d 1109, 1113–14 (9th Cir.2001), Mizzell contends in effect that an administrator cannot confer discretion upon himself after the fact. The *Ingram* court observed:

If an insurance company seeking to sell and administer an ERISA plan wants to have discretion in making claims decisions, it should say so. It is not difficult

---

**4.** Paul Revere contends that principles of *res judicata* and collateral estoppel require that the Court adopt the holding in earlier litigation between the parties in which Judge Paez held that abuse of discretion was the correct standard. *See* Order Granting Defendant's Motion for Partial Summary Judgment etc, *Mizzell v. The Paul Revere Line Insurance Company*, Case No. CV 98–6083–RAP (JGx), filed September 10, 1999 ("*Mizzell I* "). For purposes of this ruling, the Court finds that *Sandy* represents an intervening change in the

law, and that the ruling in *Mizzell I* is not controlling.

**5.** The booklet was apparently in draft in early May, 1997. (Supplemental Martin Declaration, Ex. 7.) Copies of the booklet were being requisitioned in October 1997. (*Id.*, Ex. 13.) Mizzell submitted his disability claim in July 1997. (*Id.*, Ex. 10.) The documentary evidence is not necessarily conclusive, but Paul Revere has not contested the assertion that the booklet was not distributed until after Mizzell made his claim.

to write, "The plan administrator has discretionary authority to grant or deny benefits under this plan." *When the language of a plan is unambiguous, a company purchasing the plan, and employees evaluating what their employer has purchased on their behalf, can clearly understand the scope of the authority the administrator has reserved for itself.*

(*Id.*; emphasis supplied.) There are several answers to this contention.

First, the observation concerning employer and employee evaluation of a plan prior to purchase is dicta. Second, the presumption that all plan documents are completed prior to the effective date does not accord with practice in the insurance industry. For example, not infrequently commercial coverage will be initiated with a binder laying out the bare bones of the coverage with a full policy to follow. Third, the assumption that an employee will have knowledge of the terms of a new plan in advance and tailor his affairs accordingly is dubious. That is particularly so where the replacement plan carried forward the same administrator discretion which existed under the Hartford plan. If Mizzell did not seek alternative private coverage when the Hartford plan was in effect, there is little reason to assume that he would have done so had he known as of the effective date of the Paul Revere plan that the administrator would continue to have discretion. Fourth, there is no suggestion that the content of the Benefits Summary was crafted to respond to events which occurred after the effective date of the new plan. Where there is no suggestion of collusion, the plan documents should govern notwithstanding the fact that full plan documentation lags the effective date.

## II. Discovery and The Record on Review.

■ To the extent that the Court is dealing with review of a discretionary decision, that review must be made on the basis of the administrative record, and no discovery is available. *Taft v. Equitable Life Assurance Society,* 9 F.3d at 1471. The logic of the rule is plain enough: The soundness of the plan administrator's decision rises and falls with the evidence before him, and it would be unfair to consider evidence which the plan administrator did not have in forming his decision. *Perry v. Simplicity Engineering,* 900 F.2d 963, 966 (6th Cir.1990).[6]

Mizzell premises part of his request for discovery against Paul Revere on findings made in an action in District Court in the Northern District of California to the effect that Paul Revere had a "round table" process for identifying and terminating high value claims. (*See* Martin Declaration re Paul Revere Discovery, Ex. 5, pp. 17–20.) That decision sheds little light on the present situation because it was not an ERISA case. (*Id.* at pp. 1–2.)

■ Hartford's decision to deny Mizzell's claim as untimely stands on a different footing. As noted above, that claim is not preempted by ERISA. Hartford bears the burden of establishing under California law that it was prejudiced by the delayed tender of Mizzell's claim. Mizzell is entitled to focused discovery on two issues: 1) when was Hartford first on notice of Mizzell's claim, and 2) what prej-

---

**6.** Given that the Court has found that the abuse of discretion standard applies to the claims against Paul Revere, the limited discovery exception which *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan,* 46 F.3d 938, 943–44 (9th Cir.1995), recognizes for *de novo* review is inapplicable here.

udice, if any, did Hartford suffers as a result of the delayed tender.