Gary Lynn **BONNER**, Plaintiff—Appellant,

v.

**UNION PACIFIC**, Defendant—Appellee.

No. 03–35776.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 7, 2005.*

Decided Feb. 14, 2005.

R.App. P. 34(a)(2).

Gary Lynn Bonner, Nampa, ID, pro se.

Jeffrey J. Devashrayee, Esq., Salt Lake City, UT, for Defendant–Appellee.

Before FERNANDEZ, GRABER, and GOULD, Circuit Judges.

MEMORANDUM ***

Gary Lynn Bonner appeals pro se the district court's summary judgment in this action for disability benefits, vacation pay, and statutory penalties under the Employee Retirement Income Security Act of

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1974 ("ERISA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's choice and application of the standard of review in the ERISA context, *Tremain v. Bell Inds.*, 196 F.3d 970, 975 (9th Cir.1999), and grant of summary judgment, *id.* We review for abuse of discretion the denial of a motion to amend the complaint. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). We affirm.

 The district court properly determined it should review for abuse of discretion the denial of benefits under the Union Pacific Flexible Benefits Program ("The Plan"). *See Sandy v. Reliance Std. Life Ins. Co.*, 222 F.3d 1202, 1207 (9th Cir. 2000). In determining the appropriate standard of review, the district court also properly applied the "less deference" analysis to determine that Bonner failed to produce evidence, beyond the fact of an apparent conflict, that shows the Plan administrator breached her fiduciary obligations towards him. *See McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1107–08 (9th Cir.2000).

■ Applying the abuse of discretion standard, the district court properly concluded that the Plan administrator reasonably interpreted the Plan to terminate Bonner's disability benefits after the last day of his employment, and to deny payment for the vacation time he had accrued for 2001. *See Barnett v. Kaiser Found. Health Plan, Inc.*, 32 F.3d 413, 416 (9th Cir.1994).

■ The district court also properly dismissed Bonner's claims that he was entitled to statutory penalties under ERISA, because Union Pacific is not an administrator within the meaning of the statute, and because Bonner failed to provide evidence

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General

that he made the requisite requests for information. *See* 29 U.S.C. § 1132(c); *Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 300 (9th Cir.1989).

In light of the foregoing conclusions, the district court did not abuse its discretion in denying leave to amend to add the Plan administrator as a defendant. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

We have considered Bonner's remaining contentions, and find them unpersuasive.

AFFIRMED.