**Mark SCHWARTZ, Plaintiff—Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a New York corporation; American Express Long Term Disability (Ltd) Benefit Plan, Defendants—Appellees.**

No. 03–16883.

United States Court of Appeals, Ninth Circuit.

Submitted March 18, 2005.*

Decided March 31, 2005.

Richard M. Waugh, Esq., Phoenix, AZ, for Plaintiff–Appellant.

Stephanie L. Chilton, Esq., Kunz, Plitt, Hyland, Demlong & Kleifield, P.C., Phoenix, AZ, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Before: HAWKINS, MCKEOWN, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Mark Schwartz sued Metropolitan Life Insurance Company ("Met Life") under 29 U.S.C. § 1132(a)(1)(B), claiming that Met Life's decision to deny him long term disability benefits was erroneous. The district court reviewed Met Life's decision for abuse of discretion and granted summary judgment to Met Life. We conclude that the district court applied the wrong standard of review to Met Life's decision and, accordingly, we reverse and remand with instructions to apply a de novo standard of review.

Denials of benefits that are challenged under 29 U.S.C. § 1132(a)(1)(B) are reviewed de novo by the federal courts unless the benefit plan confers upon the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989). When an administrator has discretionary authority, federal courts apply a more deferential abuse of discretion or arbitrary and capricious standard of review to the administrator's decision. *See, e.g., Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1204 (9th Cir.2000). Benefit plans rarely confer discretion. "[T]he default is that the administrator has no discretion, and the administrator has to show that the plan gives it discretionary authority in order to get any judicial deference to its decision." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1089 (9th Cir.1999) (en banc). The plan administrator can meet its burden only by showing that the plan "unambiguously" establishes its discretionary authority. *Id.* at 1090.

Met Life has failed to show that the plan at issue here unambiguously granted it discretionary authority. We cannot infer discretion simply because Met Life makes and reviews benefits decisions. *Sandy*, 222 F.3d at 1206 (neither the power to make benefits decisions nor the power to review decisions amounts to an unambiguous grant of discretion). Nor does Met Life's authority to require verification of alleged facts pertaining to benefits claims constitute a grant of discretion. *See id.* at 1204 (language conferring authority to "require additional documents as [plan administrator] deems necessary or desirable" is not a grant of discretion). Nor is there any evidence that the plan administrator delegated discretionary authority to Met Life. Because the benefit plan does not unambiguously confer discretionary authority on Met Life and Met Life has offered no evidence that it has been delegated discretion, the district court should have reviewed de novo Met Life's decision to deny Schwartz's benefits.

REVERSED AND REMANDED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.