**Ray Albert LEWIS, Petitioner—Appellant,**

v.

**Richard MORGAN, Respondent—Appellee.**

No. 04–35289.

D.C. No. CV–03–00735–JCC.

United States Court of Appeals, Ninth Circuit.

Submitted March 23, 2005.*

Decided April 1, 2005.

Ray Albert Lewis, Walla Walla, WA, pro se.

Suzanne Lee Elliott, Esq., Law Offices of Suzanne Lee Elliott, Seattle, WA, for Petitioner–Appellant.

Gregory J. Rosen, Esq., AGWA—Office of the Washington Attorney General (Olympia) Criminal Justice Division, Olympia, WA, for Respondent–Appellee.

Before B. FLETCHER, TROTT, and PAEZ, Circuit Judges.

### MEMORANDUM **

Ray Albert Lewis, a Washington state prisoner, appeals pro se the district court's dismissal as untimely of his 28 U.S.C. § 2254 habeas corpus petition in which he claimed that the trial court violated his right to due process by admitting evidence that the state had coerced him into revealing while he was a pretrial detainee. Lewis contends that he is entitled to equitable tolling of the statute of limitations due to the Washington Supreme Court's decision in *In re Perkins,* 143 Wash.2d 261, 19 P.3d 1027 (Wash.2001). *Perkins* held that under state law, the Washington Supreme Court has jurisdiction to consider second or successive personal restraint petitions raising new claims not raised in previous petitions so long as there is no abuse of writ. *Id.* at 1028, 1030. After *Perkins,* Lewis filed a fourth personal restraint petition raising his new claim of coerced evidence. These circumstances do not justify equitable tolling because Lewis does not explain why he failed to raise the coerced-evidence claim in his multiple prior state and federal petitions. *See Miles v. Prunty,* 187 F.3d 1004, 1007 (9th Cir.1999) (holding that equitable tolling may be appropriate when external forces, rather than petitioner's lack of diligence, prevent timely filing).

AFFIRMED.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

**Placido Aparicio JIMENEZ, Petitioner,**

v.

Alberto GONZALES,* Respondent.

No. 03–73700.

Agency No. A75–762–754.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.**

Decided April 4, 2005.

Placido Aparicio Jimenez, Anaheim, CA, pro se.

Regional Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark C. Walters, Esq., Jennifer L. Lightbody, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before B. FLETCHER, TROTT and PAEZ, Circuit Judges.

MEMORANDUM ***

Placido Aparicio Jimenez, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' dismissal of his appeal of an Immigration Judge's denial of his request for cancellation of removal. Aparicio Jimenez asserts that he should be placed in deportation proceedings rather than in removal proceedings.

We lack jurisdiction to consider the former Immigration and Naturalization Service's decision regarding the commencement of immigration proceedings. 8 U.S.C. § 1252(g); *Jimenez–Angeles v. Ashcroft*, 291 F.3d 594, 599 (9th Cir.2002). Aparicio Jimenez's contention that placing him in removal rather than deportation proceedings violates his constitutional rights lacks merit. Removal proceedings against him commenced after April 1, 1997, and therefore the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 apply. *Cortez–Felipe v. INS*, 245 F.3d 1054, 1056 (9th Cir.2001).

PETITION FOR REVIEW DENIED.

**Kheang Chhay TRAN, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–73473.

Agency No. A75–518–924.

United States Court of Appeals,
Ninth Circuit.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

\* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).