Terry L. MIZZELL, Plaintiff—
Appellant,

v.

**PAUL REVERE LIFE INSURANCE CO.; Unum Provident Corporation, Defendants,**

and

**Hartford Life Insurance Company; Hartford Life & Accident Insurance Company, Defendants—Appellees.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Terry L. Mizzell, Plaintiff—Appellee,

v.

Paul Revere Life Insurance Company; Unum Provident Corporation, Defendants,

and

Hartford Life Insurance Company; Hartford Life & Accident Insurance Company, Defendants—Appellants.

Nos. 03–57130, 03–57211.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2005.

Decided Aug. 25, 2005.

Scott A. Martin, Esq., Pivo, Halbreich, Cahill and Yim LLP, Irvine, CA, for Plaintiff–Appellant.

Edwin A. Oster, Esq., Barger & Wolen LLP, Irvine, CA, for Defendants.

Bruce D. Celebrezze, Esq., Dennis G. Rolstad, Esq., Sedgwick Detert Moran & Arnold, San Francisco, CA, for Defendants–Appellees.

Before: TROTT and W. FLETCHER, Circuit Judges, and RESTANI,* Judge.

MEMORANDUM **

Terry Mizzell appeals the district court's grant of summary judgment in favor of Hartford Life Insurance Co. on Mizzell's action for recovery of benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq. ("ERISA"). Hartford cross-appeals the district court's denial of Hartford's motion for attorneys' fees under 29 U.S.C. § 1132(g), the fee provision under ERISA. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm both decisions.

In support of his argument that the district court incorrectly granted summary judgment in favor of Hartford, Mizzell argues in part (1) that Hartford failed to

---

* The Honorable Jane A. Restani, Chief Judge, United States Court of International Trade, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

comply with ERISA's procedural requirements; (2) that Hartford did not meet its burden of showing that the plan unambiguously confers discretion upon the plan administrator; and (3) that material probative evidence demonstrated an actual conflict of interest. In addition, Mizzell has filed several Requests for Judicial Notice on Appeal under Fed.R.Evid. 201(b) asking us to take notice of various documents relating to the California Department of Insurance's recent opinion letter and notice of revocation of approval of discretionary clauses in California insurance contracts. He argues that these actions by the California Department of Insurance change the standard of review to de novo.

We need not address any of these arguments or requests because, even if we were to agree with Mizzell on any of these points, the effect would be only that we review the plan administrator's denial of benefits de novo. *See Gatti v. Reliance Std. Life Ins. Co.*, 415 F.3d 978, 985 (9th Cir.2005) (holding that failure to comply with ERISA's procedural requirements may, under certain circumstances, change the standard of review from abuse of discretion to de novo); *Sandy v. Reliance Std. Life Ins. Co.*, 222 F.3d 1202, 1204–07 (9th Cir.2000) (holding that unless a plan unambiguously confers discretion on the plan administrator, the standard of review is de novo); *Bendixen v. Std. Ins. Co.*, 185 F.3d 939, 943–44 (9th Cir.1999) (noting that a serious conflict of interest can heighten the abuse of discretion standard of review). Even assuming that de novo review applies to the plan administrator's decision to deny benefits in this case, we conclude that Mizzell's claim nevertheless fails.

The meaning of the term "total disability" in the Hartford plan is informed by the definition of "partial disability." Reading the policy as a whole, we conclude that Mizzell would be considered totally disabled under this policy only if he was able to perform none of the material and substantial duties of his own occupation prior to the expiration of the plan. On this record, Mizzell cannot make this showing as a matter of law. *See Kearney v. Std. Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir.1999) ("If a court reviews the administrator's decision, whether de novo ... or for abuse of discretion, the record that was before the administrator furnishes the primary basis for review.").

There is no doubt that Mizzell's ability to perform his job was significantly reduced following his heart attack, but reading his application for benefits as a whole, there is no genuine issue of material fact as to whether he was performing some of his material and substantial duties. His responsibilities were many, but by his own admission, before he stopped working he was limited by his fatigue and his ability to travel to corporate and client meetings. According to this record, Mizzell's condition—particularly his fatigue—eventually made it impossible for him to perform any of his duties, but that was not until February 28, 1997. By that time, Hartford was no longer the insurer. Consequently, Mizzell was not totally disabled within the meaning of Hartford's policy while the policy was still in effect.

We reject Hartford's assertion that the district court abused its discretion in denying attorneys' fees. In fact, the district court correctly applied the factors set forth in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir.1980), in determining that Hartford was not entitled to attorneys' fees as the prevailing party. The district court's decision not to award fees was absolutely correct.

AFFIRMED.