Lydia WINTERSTEIN, Plaintiff–Appellant,

v.

STRYKER CORPORATION GROUP LIFE INSURANCE PLAN; Stryker Corporation, Defendants–Appellees.

No. 04–15337.

D.C. No. CV–02–05746–JW.

United States Court of Appeals, Ninth Circuit.

---

Submitted Oct. 17, 2005.*

Decided Nov. 28, 2005.

Martin Snitow, Esq., Martin S. Snitow Law Corporation, San Jose, CA, for Plaintiff–Appellant.

R. Bradford Huss, Esq., Trucker Huss, San Francisco, CA, for Defendants–Appellees.

Before BEEZER, KOZINSKI, and FERNANDEZ, Circuit Judges.

MEMORANDUM **

Lydia Winterstein appeals the district court's grant of summary judgment in favor of Stryker Corporation (the Corporation) and Stryker Corporation Group Life

---

\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Insurance Plan (the Plan). We reverse and remand.

Continental Assurance Company (CNA), the insurer under the Plan, refused to pay supplemental life insurance benefits to Lydia Winterstein after her mother, Blanca Winterstein, an employee of the Corporation and member of the Plan, died. The Plan is an Employment Retirement Income Security Act[1] plan.

■ (1) Under the Plan's provisions, the Corporation is the Plan's administrator and has discretionary authority to determine eligibility and to construe the terms of the Plan. But the Corporation did not make the decision that denied benefits. CNA did. The Plan does not grant CNA independent discretionary authority to make benefits determinations. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 956–57, 103 L.Ed.2d 80 (1989); *Abatie v. Alta Health & Life Ins. Co.,* 421 F.3d 1053, 1059 (9th Cir.2005); *Sandy v. Reliance Standard Life Ins. Co.,* 222 F.3d 1202, 1205–06 (9th Cir.2000); *Kearney v. Standard Ins. Co.,* 175 F.3d 1084, 1088–89 (9th Cir.1999) (en banc).

CNA's benefits decision must be reviewed de novo unless the Corporation's discretionary authority was properly delegated to CNA. In order for the Corporation's discretionary authority to be properly delegated to CNA, the Plan must expressly provide that the plan administrator has the right to delegate its fiduciary responsibilities. *See* 29 U.S.C. § 1105(c)(1); *Madden v. ITT Long Term Disability Plan for Salaried Employees,* 914 F.2d 1279, 1283–84 (9th Cir.1990). As in *Madden,* the Corporation designated CNA to act as an ERISA fiduciary. The Plan, however, does not contain a provision granting the Corporation the right to delegate its fiduciary responsibilities, unlike the right expressly granted to ITT in that plan. Thus, CNA's claims decision denying benefits is subject to de novo review. *See id.* at 1285.

■ (2) The Plan provides that all employees are eligible persons under the Plan and that newly hired employees can enroll for benefits, including supplemental life insurance benefits. The Plan also provides that if an employee has terminated and is rehired within 12 months, the previously existing benefits may be reinstated upon the employee's request. On behalf of the Plan, CNA determined that when Blanca Winterstein was rehired after her termination, the Plan precluded her from being treated as a new hire and required that she proceed as a reinstated employee. But the Plan says no such thing. To the extent an ambiguity is found in the Plan's provision of two possible paths for rehires, upon de novo review we must construe that ambiguity in favor of Blanca Winterstein. Both the doctrine of *contra proferentem*[2] and the doctrine of reasonable expectations[3] require that.

Therefore, Lydia Winterstein is entitled to both the basic and supplemental life insurance benefits for which her mother signed up and paid.

REVERSED and REMANDED for entry of judgment in favor of Lydia Winterstein.

---

1. 29 U.S.C. §§ 1001–1461.

2. *See Kearney,* 175 F.3d at 1090; *Lang v. Long–Term Disability Plan of Sponsor Applied Remote Tech., Inc.,* 125 F.3d 794, 799 (9th Cir.1997).

3. *See Peterson v. Am. Life & Health Ins. Co.,* 48 F.3d 404, 411 (9th Cir.1995); *Saltarelli v. Bob Baker Group Med. Trust,* 35 F.3d 382, 385–87 (9th Cir.1994).