**Veronica HOFF;  Paul S. Johnson, Plaintiffs—Appellants,**

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant—Appellee.**

No.  04–15823.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 8, 2005.*

Decided Dec. 28, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Steven J. Parsons, Esq., Law Offices of Steven J. Parsons, Las Vegas, NV, for Plaintiffs–Appellants.

Joshua Bachrach, Esq., Joshua Bachrach, Esq., Rawle & Henderson, LLP, Philadelphia, PA, Scott Ralston, Barker Brown Busby Chrisman & Thomas, PC, Las Vegas, NV, for Defendant–Appellee.

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM **

Veronica Hoff and Paul Johnson appeal the district court's determination that the Employee Retirement Income Security Act ("ERISA")[1] preempted their claims against Reliance Standard Insurance Com-pany for denial of long-term disability benefits. They also appeal the district court's grant of summary judgment to Reliance after the court construed their state contract claims as federal, ERISA claims. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm on all but one issue. We reverse the district court's grant of summary judgment on Hoff's ERISA claim.

The district court properly found[2] that Palm, the plaintiffs' employer, performed substantial administrative functions relating to the plan, and no one disputed the fact that Palm had prepared the Plan Summary.[3] Thus, the court correctly held that the employer established or maintained the long-term disability plan in question.[4] The court also properly concluded that the plan did not fall within the safe harbor created by 29 C.F.R. § 2510.3–1(j).[5] Finally, ERISA's savings clause[6] does not remove the state statute under which the plaintiffs brought their claims from ERISA's preemption clause.[7]

 With respect to the district court's grant of summary judgment, the district court properly reviewed Reliance's decision for an abuse of discretion.[8] First, the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 29 U.S.C. § 1001, *et seq.*

2. We review the district court's findings of fact for clear error. *Sawyer v. Whitley,* 505 U.S. 333, 346 n. 14, 112 S.Ct. 2514, 120 L.Ed.2d 269 (1992).

3. *See Zavora v. Paul Revere Life Ins. Co.,* 145 F.3d 1118, 1121–22 (9th Cir.1998) (citing opposite facts in support of opposite conclusion).

4. 29 U.S.C. § 1002(1). We review the district court's application of the law to the facts de novo. *Johnson v. Buckley,* 356 F.3d 1067, 1071 (9th Cir.2004).

5. *See Zavora,* 145 F.3d at 1121 (finding endorsement where Plan Summary listed the employer as the administrator).

6. 29 U.S.C. § 1144(b).

7. 29 U.S.C. § 1144(a). *See Kentucky Ass'n of Health Plans, Inc. v. Miller,* 538 U.S. 329, 341–42, 123 S.Ct. 1471, 155 L.Ed.2d 468 (2003) (defining elements required to satisfy the clause).

8. *Jordan v. Northrop Grumman Corp. Welfare Plan,* 370 F.3d 869, 875–76 (9th Cir.2004). We review the district court's choice of the standard of review de novo. *Id.* To the extent the plaintiffs question the district court's ability to renew Reliance's summary judgment motion, we note that the plaintiffs faced the complete dismissal of their complaint when

insurance policy, which was part of the plan in question,[9] explicitly conferred discretion on Reliance to interpret the policy and to determine eligibility for benefits.[10] Second, the plaintiffs advanced no specific evidence "indicating that [Reliance's] conflicting [economic] interest caused a breach" of its fiduciary duty.[11]

Reliance did not abuse its discretion when it denied Johnson's claim. Although one of Johnson's physicians opined that Johnson's limitations were "marked," other substantial evidence in the record supported Reliance's decision. Accordingly, the district court could not set aside Reliance's decision.[12]

■ Reliance did abuse its discretion when it denied Hoff's claim. Its decision rested on an illogical interpretation of the policy and a corresponding failure to investigate the facts.[13]

Reliance interpreted its policy as requiring a complete inability to work during the elimination period. However, the policy's equation of "residual disability" during the elimination period with "total disability," and its definition of "interruption period," flatly contradict Reliance's interpretation.

Because of Reliance's illogical interpretation of the policy, it failed adequately to investigate the degree to which Hoff was able to work between March and October. The record contains conflicting evidence regarding Hoff's abilities during that period. Thus, it is impossible to determine if she was entitled to benefits. Accordingly, we reverse the grant of summary judgment on Hoff's claim and remand for further consideration.

**AFFIRMED IN PART; REVERSED AND REMANDED IN PART.** The appellant, Hoff, shall recover her costs on appeal from the appellee. Costs are denied to the appellee and the other appellant, Johnson.

---

Reliance first made its motion and briefed all relevant issues. In these circumstances, renewal of the motion was not inappropriate.

**9.** *See Pegram v. Herdrich,* 530 U.S. 211, 223, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000) (holding that an agreement may "provide elements of a plan by setting out rules under which beneficiaries will be entitled to care").

**10.** *See Sandy v. Reliance Standard Life Ins. Co.,* 222 F.3d 1202, 1205–06 (9th Cir.2000) (reviewing cases).

**11.** *Atwood v. Newmont Gold Co.,* 45 F.3d 1317, 1322–23 (9th Cir.1995).

**12.** *See Jordan,* 370 F.3d at 875 (setting forth standard for setting aside a fiduciary's discretionary decision).

**13.** *See Eley v. Boeing Co.,* 945 F.2d 276, 279 (9th Cir.1991) (explaining that a plan administrator or fiduciary abuses its discretion if it "contrue[s] provisions of the plan in a way that clearly conflicts with the plain language") (internal quotation marks omitted); *Schikore v. BankAmerica Supp. Ret. Plan,* 269 F.3d 956, 960 (9th Cir.2001) ("an abuse of discretion occurs when a plan administrator fails to develop facts necessary to make its determination").