
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID L. MAZET, | No. 08-17101 |
| Plaintiff - Appellant, | D.C. No. 2:04-cv-00493-FJM |
| v. | MEMORANDUM* |
| HALLIBURTON COMPANY LONG TERM DISABILITY PLAN; HARTFORD LIFE AND ACCIDENT INSURANCE COMPANY, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Argued and Submitted December 10, 2009
San Francisco, California

Before: O'SCANNLAIN, COWEN,** and RAWLINSON, Circuit Judges.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

David L. Mazet appeals from the district court's judgment in favor of Appellees Halliburton Company Long Term Disability Plan and Hartford Life and Accident Insurance Company. The district court rejected his claim for disability benefits under an employee benefit plan subject to the Employee Retirement Income Security Act ("ERISA"). Among his other arguments on appeal, Mazet asserts that the district court committed reversible error by reviewing Appellees' denial of benefits for an abuse of discretion. We review de novo the district court's choice of the applicable standard of review. Montour v. Hartford Life & Accident Ins. Co., 588 F.3d 623, 629 (9th Cir. 2009). We conclude that the district court applied the wrong standard and accordingly vacate the judgment in favor of Appellees.

"De novo is the default standard of review." Abatie v. Alta Health & Life Ins. Co., 458 F.3d 955, 963 (9th Cir. 2006) (en banc) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989); Kearney v. Standard Ins. Co., 175 F.3d 1084, 1089 (9th Cir. 1999) (en banc)). To change the standard of review, the ERISA plan must *unambiguously* provide discretion to the administrator. Id. While there are no "'magic' words that conjure up discretion," Abatie, 458 F.3d at 963 (citing Sandy v. Reliance Standard Life Ins. Co., 222 F.3d 1202, 1207 (9th Cir. 2000)), the discretionary reading of the language at issue must still be the "the *only*

reasonable reading," Kearney, 175 F.3d at 1090. "Under this reasoning, if language only arguably confers discretion, it does not unambiguously confer discretion and cannot escape the default of de novo review." Feibusch v. Integrated Device Tech., Inc. Employee Benefit Plan, 463 F.3d 880, 884 (9th Cir. 2006).

The district court turned to a "Proof of Loss" provision in the Plan's policy document as grounds for adopting the abuse of discretion standard. The Plan stated, inter alia, that: "The Hartford reserves the right to determine if your proof of loss is satisfactory." (SER14.) This provision, especially its "reserves the right to determine" language, could reasonably be read as conferring discretion. However, this is not "the *only* reasonable reading" of the provision. In fact, we have repeatedly found similar "Proof of Loss" or "Satisfactory Proof" provisions to be ambiguous. See Feibusch, 463 F.3d at 883-85; Thomas v. Or. Fruit Prods. Co., 228 F.3d 991, 993-95 (9th Cir. 2000); Sandy, 222 F.3d at 1203-08; Newcomb v. Standard Ins. Co., 187 F.3d 1004, 1005-06 (9th Cir. 1999); Kearney, 175 F.3d at 1089-90. Based on this precedent, we must likewise find the Plan provision at issue here ambiguous. See, e.g., Thivierge v. Hartford Life & Accident Ins. Co., No. C 05-0163 CW, 2006 WL 823751, at *10 (N.D. Cal. Mar. 28, 2006) (finding identical provision ambiguous under Ninth Circuit case law).

3

Appellees contend that the denial of benefits should be upheld under the de novo standard. However, it would be inappropriate for an appellate court to make such a determination, especially because Mazet presented additional evidence not contained in the administrative record that the district court refused to consider but that could be admissible under the applicable de novo standard. Abatie, 458 F.3d at 970 (citing Jebian v. Hewlett-Packard Co. Employee Benefits Org. Income Protection Plan, 349 F.3d 1098, 1110 (9th Cir. 2003); Kearney, 175 F.3d at 1090-91; Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan, 46 F.3d 938, 944 (9th Cir. 1995)); Kearney, 175 F.3d at 1090-91 (quoting Mongeluzo, 46 F.3d at 944). We therefore remand for the district court to apply the proper de novo standard of review. In the process, the district court must also exercise its discretion to decide whether the additional evidence should be considered. Mongeluzo, 46 F.3d at 944 (holding that district court has discretion to allow evidence not before administrator "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review" (quotation omitted)).

**VACATED AND REMANDED.**

4