39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edgar S. VILLACORTA, Plaintiff-Appellee,
v.
FMC CORPORATION, Defendant-Appellant.
 No. 93-16221.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Villacorta works for FMC and participates in its Health Plan. He requested preauthorization for an osteotomy to correct his obstructive sleep apnea syndrome. FMC approved his request for the osteotomy, but denied it for related orthodontia treatment.
 
 
 3
 Villacorta sued FMC, alleging a wrongful denial of benefits under ERISA. 28 U.S.C. Secs. 1001 et seq. FMC appeals the district court's grant of his motion for summary judgment, and denial of its motion for summary judgment. A grant of summary judgment is reviewed de novo. Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir.1994). FMC also appeals the district court's award of fees and costs. An award of fees and costs is reviewed for an abuse of discretion. Credit Managers Ass'n v. Kennesaw Life & Accident Ins. Co., 25 F.3d 743, 748 (9th Cir.1994) (fees); Association of Flight Attendants v. Horizon Air, 976 F.2d 541, 551 (9th Cir.1992) (costs). We have jurisdiction under 28 U.S.C. Sec. 1291. We reverse and remand.
 
 
 4
 The district court erred in reviewing the denial of benefits de novo. If a plan gives an administrator discretion to determine eligibility for benefits or to construe the terms, a denial of benefits is reviewed for an abuse of discretion. Eley v. Boeing Co., 945 F.2d 276, 278 (9th Cir.1991) (citing Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989)). The Health Plan provided, in relevant part, that:
 
 
 5
 FMC, as Plan Administrator, has discretionary authority to construe and interpret the terms of the Plan, including, but not limited to, deciding all questions of eligibility and determining the amount, manner and time of payment of any benefits under the Plan. FMC may delegate this authority in certain circumstances, subject to review by FMC under applicable procedures.
 
 
 6
 CR 10, Ex. B at 62. As the Health Plan explicitly gave FMC discretion, the proper standard of review is an abuse of discretion.[1]
 
 
 7
 The district court also erred in finding that FMC improperly denied benefits. An administrator abuses its discretion when it construes terms in a way that clearly conflicts with plain language. Eley, 945 F.2d at 279. The Health Plan excludes "[t]reatment of the teeth, gums or surrounding tissues", but includes "[c]utting to realign the jaw bone (osteotomies)". CR 10, Ex. B at 42, 19. By denying benefits for orthodontia treatment related to an osteotomy, FMC did not construe terms in a way that clearly conflicted with plain language.
 
 
 8
 Regardless of whether the requested fees and costs were recoverable, the district court abused its discretion by awarding them to Villacorta without weighing the following factors:
 
 
 9
 (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.
 
 
 10
 Franklin v. Thornton, 983 F.2d 939, 943 (9th Cir.1993) (quoting Hummel v. S.E. Rykoff & Co., 634 F.2d 446, 452-53 (9th Cir.1980)). Only the second factor favors an award. And by itself, it is insufficient to support any award.
 
 
 11
 We reverse the judgment in favor of Villacorta and the award of fees and costs to him. We remand to the district court to enter judgment in favor of FMC.
 
 
 12
 REVERSED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 This court has held that less explicit provisions confer discretion. See Patterson v. Hughes Aircraft Co., 11 F.3d 948, 949 & n. 2 (9th Cir.1993), and cases cited therein