70 F.3d 1279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peggy L. JENSEN, Plaintiff-Appellant,
v.
SAFECO LIFE INSURANCE COMPANY, Defendant-Appellee.
 No. 94-35598.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 16, 1995.
Decided Nov. 30, 1995.
 
 Before: BROWNING, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The only issues presented on appeal are whether the district court correctly reviewed Safeco's decisions for abuse of discretion and whether the definition of mental illness is ambiguous. We need not reach the first issue as our resolution of the issue of ambiguity is dispositive.
 
 
 3
 We review the question of whether the Plan's terms are ambiguous de novo. Kunin v. Benefit Trust Life Ins. Co., 910 F.2d 534, 537 (9th Cir.1990). Any ambiguities in the Plan must be resolved in Jensen's favor. Patterson v. Hughes Aircraft Co., 11 F.3d 948, 950 (9th Cir.1993)
 
 
 4
 The policy's "mental illness limitation" provides: "Any total disability due to neurosis, psychoneurosis, psychopathy, psychosis and/or other emotional disease and disorder will not be covered beyond the 24 months next following the elimination period...."
 
 
 5
 In Patterson, we were faced with a very similar mental illness limitation. 11 F.3d at 950. The plan at issue in Patterson limited benefits for disabilities "caused by or resulting from mental, nervous or emotional disorders of any type," but did not define "mental disorder," or give examples of excluded or included conditions. Id. (quotations and ellipses omitted). We held the "mental disorder" definition to be ambiguous in two respects:
 
 
 6
 First, the Plan does not specify whether a disability is to be classified as "mental" by looking to the cause of the disability or to its symptoms....
 
 
 7
 Second, the Plan does not make clear whether a disability qualifies as a "mental disorder" when it results from a combination of physical and mental factors.
 
 
 8
 Id.
 
 
 9
 Both of these factors exist with the definition in the present case. Therefore, the definition of "mental illness" in the Safeco policy is ambiguous. If Jensen's disability results from physical problems caused by the accident, or from a combination of physical and mental factors associated with or caused by the accident, then her disability does not come within the "mental illness limitation" of the policy. Patterson, 11 F.3d at 950-51.
 
 
 10
 REVERSED and REMANDED for further proceedings.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3