87 F.3d 1326
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Darla WYATT, Plaintiff-Appellant,
v.
MASCO CORPORATION EMPLOYEES' DISABILITY INCOME BENEFIT PLAN,
Defendant-Appellee.
 No. 95-55286.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 5, 1996.
Decided June 17, 1996.
 
 Before: FARRIS, FERNANDEZ, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Darla Wyatt appeals the district court's grant of summary judgment in her ERISA action challenging the denial of benefits under the Masco Corporation Employees' Disability Income Benefit Plan. We affirm.
 
 I.
 
 3
 The parties disagree on the proper standard of review. The Masco plan includes a section on "Claim Denial and Appeal Procedures." Under these procedures, a claim is first decided by the "Plan Supervisor," who must make a written decision on whether the claim will be paid or denied within 90 days after receiving the benefits claim. CR 13, Ex. 132 at 407. The employee can appeal the Plan Supervisor's decision to the Benefits Committee. "The Benefits Committee has the authority to make a final decision on [a benefits] claim if it has been appealed." Id. The decision of the Benefits Committee "will be written in a manner meant to be clear and understandable with the exact reason(s) stated and reference to benefit plan provision(s) cited." Id. at 408. Finally, if the Benefits Committee denies the appeal, the employee may request a review from Masco's corporate counsel, who must then make a decision within 60 days. Id.
 
 
 4
 We have held that similar provisions confer upon a plan administrator the kind of discretionary authority that permits a court to review the administrator's decision for abuse of discretion. See Atwood v. Newmont Gold Co., Inc., 45 F.3d 1317, 1321 (9th Cir.1995) (plan stated that administrator "shall be the sole and exclusive judge" as to whether an employee qualified for benefits); Patterson v. Hughes Aircraft Co., 11 F.3d 948, 949 (plan gave administrator authority to determine benefit claims, and that decision could be appealed for a "full and fair" evaluation); id at 949 n. 2 (citing other Ninth Circuit cases that held that plans conferred discretionary authority).
 
 
 5
 The relevant question is not whether a plan gives the administrator more authority than is required under federal regulations, but whether the plan gives the administrator authority to determine eligibility. The Masco plan does that. We review the denial of benefits to Wyatt for abuse of discretion.
 
 II.
 
 6
 There is a specific provision in the plan that makes Wyatt ineligible for benefits. Under that provision, an employee must return to "active full-time employment" after the first disability period in order to qualify for a new benefit period.
 
 
 7
 Wyatt concedes that she never returned to active full-time employment after the benefit period for depression. She contends that she is not seeking a "new disability period," but rather an extension of her prior disability status. She claims that her bunion benefit period began when the disability began (on June 21, 1990) and that she simply seeks to continue the benefits past the period when the depression benefit period ended (on October 1, 1991).
 
 
 8
 Wyatt's argument fails. Her benefit period until October 1, 1991, was for depression, not bunions. That benefit period ended after two years, pursuant to the terms of the benefit plan. Any disability leave beyond that would be a "new benefit period" and the return-to-work requirement applies. Since Wyatt never returned to work after her two-year leave for depression, the plan administrator did not abuse its discretion in finding that Wyatt was not entitled to disability benefits for her bunion condition.
 
 
 9
 We reject Wyatt's argument that a doctor's report concluding that 10% of her depression was attributable to her foot condition raises a genuine question as to whether her "depressive reaction" is a psychological disorder. Her depression, whatever its cause, was a psychological disorder. Her benefits for such a disability were limited to two years.[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except at provided by 9th Cir.R. 36-3
 
 
 [1]
 Wyatt submitted only portions of the doctor's report to the plan supervisor. She asks the court to consider the complete report on appeal. After reviewing the complete report, we conclude that it does not raise a genuine question as to whether her depression was a mental disorder