**William GLOTZER, Plaintiff–Appellant,**

v.

**METROPOLITAN LIFE INSURANCE COMPANY, a Corporation, et al., Defendants–Appellees.**

No. 00–55148.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 16, 2000.

Decided Jan. 17, 2001.

Before T.G. NELSON, and W. FLETCHER, Circuit Judges, and REED \*, District Judge.

### MEMORANDUM \*\*

William Glotzer (hereinafter "Glotzer") appeals from the district court's grant of summary judgment affirming Metropolitan Life Insurance Company's (hereinafter "MetLife") decision to terminate Glotzer's Long Term Disability ("LTD") benefits. Glotzer worked as an engineer for Northrop Grumman from May 19, 1986, to February 17, 1995. By virtue of that employment, he was insured for disability under an ERISA plan issued by the Travelers Insurance Company ("the Travelers"). MetLife assumed the Travelers' disability insurance obligations in 1994.

In early 1995, Glotzer filed a disability benefits claim. Previously, he had been diagnosed with irritable bowel syndrome ("IBS"), anxiety, depression, and other

---

\* Honorable Edward C. Reed, Jr., Senior United States District Judge, District of Nevada, sitting by designation.

\*\* This disposition is not intended for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mental disorders. The majority of the doctors who examined Glotzer around the time he made his claim concluded that his mental disorders appeared to cause his physical complaints.

In an October 25, 1995, letter, MetLife notified Glotzer that it had determined his disability was "due to a mental or nervous impairment," and that, therefore, his benefits would terminate after two years. Because Glotzer suffered a disabling spinal injury in a 1996 car accident, however, MetLife did not actually terminate Glotzer's benefits until February 17, 1998. Glotzer subsequently appealed this termination to MetLife, but the company upheld its initial determination.

## DISCUSSION

■ Review of a district court's choice and application of the standard of review in the ERISA context is *de novo*. *Tremain v. Bell Indus.*, 196 F.3d 970 (9th Cir.1999); *Lang v. Long–Term Disability Plan*, 125 F.3d 794 (9th Cir.1997); *Taft v. Equitable Life*, 9 F.3d 1469 (9th Cir.1994). Review of a district court's grant of summary judgment is also *de novo*. *Lang*, 125 F.3d at 797 .[1]

We do not examine whether the language in Glotzer's plan requires a *de novo* or abuse of discretion standard of review because Glotzer conceded at oral argument that the proper standard of review under the terms of the plan is abuse of discretion. Glotzer argues, however, that *de novo* review should be applied because of an improper delegation of decision making authority, and a conflict of interest.

### 1. IMPROPER DELEGATION OF DECISION MAKING AUTHORITY

■ Glotzer argues that *de novo* review is required, following our decision in *Nelson v. EG & G Energy Measurements Group Inc.*, 37 F.3d 1384, 1388 (9th Cir. 1994), because MetLife made the final decision about Glotzer's benefits without a specific grant of authority. In *Nelson*, an administrative committee had discretion to make decisions concerning eligibility and benefits. However, in Nelson's case, an employee who was involved in the administration of the plan made the decision. *Id.* at 1389. This employee had no express delegation of authority to make decisions. Therefore, the court reviewed the decision *de novo*.

Despite Glotzer's arguments, this case does not involve an improper delegation of decision making authority. When MetLife purchased the Travelers disability benefits operation, MetLife became the legal successor to the Travelers. As successor, MetLife succeeded to any legal rights and responsibilities possessed by the Travelers. *See Explosives Corp. v. Garland Enter. Corp.*, 817 F.2d 894, 906 (1st Cir.1987) (stating that a successor is one who acquires the rights and burdens of another corporation). Because the Travelers had the unambiguous discretion to determine eligibility and interpret plan terms, when MetLife took over the disability benefits operation, MetLife succeeded to the same discretion.

### 2. CONFLICT OF INTEREST

■ A court will review a plan administrator's decision *de novo* if a serious conflict of interest is present. *Barnett v. Kaiser Found. Health Plan Inc.*, 32 F.3d

---

1. This circuit recently held that when reviewing a district court's decision for abuse of discretion, summary judgment is only the vehicle by which the case arrives at the circuit.

"The usual tests, such as whether a genuine dispute of material fact exists, do not apply." *Bendixen v. Standard Ins. Co.*, 185 F.3d 939, 942 (9th Cir.1999).

413, 416 (9th Cir.1994). To demonstrate the existence of a serious conflict, the beneficiary must provide "material probative evidence beyond the mere fact of the apparent conflict tending to show that the fiduciary's self-interest caused a breach of the administrator's fiduciary obligations to the beneficiary." *Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1323 (9th Cir.1995). If the beneficiary does not provide any evidence of a serious conflict, the standard of review is abuse of discretion. *Bendixen*, 185 F.3d at 943.

■ Glotzer argues that MetLife used inconsistent definitions to determine his benefit eligibility, and that this suggests a serious conflict of interest sufficient to warrant a *de novo* review. However, MetLife did not use inconsistent definitions. The definition consistently used by MetLife was "Benefits for total disability due to a mental or nervous disorder...." (emphasis added). Glotzer has not presented any "material and probative evidence" to support his argument that MetLife made the decision operating under a serious conflict of interest. Because there is no serious conflict presented by Glotzer, the district court properly reviewed MetLife's decision under an abuse of discretion standard.

## C. ABUSE OF DISCRETION

■ Under abuse of discretion review a decision should be upheld if it was "based upon a reasonable interpretation of the plan's terms and was made in good faith." *Estate of Shockley v. Alyeska Pipeline Serv. Co.*, 130 F.3d 403, 405 (9th Cir.1997) (internal quotation omitted). In this case, the record shows that MetLife acted within its discretion when it terminated Glot-

zer's disability benefits. MetLife conducted an extensive review of Glotzer's files and charts and made specific findings of fact to support its decision. It was reasonable for MetLife to decide, based upon the medical evidence, that the car accident was not the cause of Glotzer's depression, anxiety, and mental disorders, and that Glotzer was not disabled due to IBS, or his back problems.

■ Glotzer urges the court to analyze the "mental and nervous" limitation in the MetLife plan *de novo* and apply the doctrine of *contra proferentem*,[2] as explained in *Kunin*, 910 F.2d at 538 (9th Cir.1990), and applied in *Simkins v. NevadaCare*, 229 F.3d 729 (9th Cir.2000); *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938 (9th Cir.1995); *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948 (9th Cir.1993). In these cases, the court was performing an overall *de novo* review of the plan administrator's decision, either because there was no unambiguous reservation of discretion in the plan language as in *Simkins* and *Mongeluzo*, or because there was evidence of a serious conflict of interest as in *Lang*. Glotzer conceded at oral argument that abuse of discretion was the proper standard of review under the terms of the plan, and he presented no evidence of a serious conflict of interest. The doctrine of *contra proferentem* therefore does not apply in his case.

## CONCLUSION

The district court properly applied an abuse of discretion standard of review to MetLife's decision to terminate Glotzer's benefits. MetLife did not abuse its discretion when it terminated Glotzer's benefits,

---

**2.** *Contra proferentem* is a rule that requires ambiguities in an insurance contract to be construed against the insurer. If after applying the normal principles of contract construction, the insurance contract is susceptible of two different interpretations, the interpretation most favorable to the insured will be adopted. *Kunin*, 910 F.2d at 539.

because there is support in the record for the decision. The judgment of the district court is hereby AFFIRMED.

The award of attorney's fees sought by Glotzer under 29 U.S.C. § 1132(g) and *Nelson v. EG & G*, 37 F.3d 1384 (9th Cir.1994) is therefore DENIED.