Susan MOSER, Plaintiff–Appellee,

v.

TRANS–GENERAL LIFE & CASUALTY GROUP, INC., Defendant–Appellant.

No. 00–57065.

D.C. No. CV–98–01715–DT.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 5, 2001 *.

Decided Nov. 1, 2001.

Before SCHROEDER, Chief Judge, HAWKINS and FISHER, Circuit Judges.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Fed. R.App. P. 34(a)(2).

MEMORANDUM **

In our previous disposition filed July 24, 2000, we held that Susan Moser became disabled within the disability benefits period and was therefore eligible for long term disability benefits under her employer's ERISA plan (the "Plan"). We found no need to remand the case back to the Plan administrator "for a subsequent determination of eligibility" and ordered the district court to enter judgment for Moser. It now appears we could have and should have been more precise.

On remand, disputes remained concerning the appropriate amount of the judgment, due to provisions in the Plan that limit disability benefits based on mental disorders and that require a showing of full disability from all jobs after twenty four months of disability. The district court felt that regardless of the merits of the Plan's arguments, we had tied his hands, "reformed the insurance contract" and that he was required to award full benefits without respect to any other limiting language in the Plan. Our earlier disposition, however, was only meant to govern the issue of liability for some form of disability benefits, and not issues pertaining to the amount or duration of such benefits. We perhaps should have directed the district court "to enter judgment for Moser *on the issue of liability.*"

We did not mean to tie the hands of the district court in evaluating the appropriate award in light of the remaining terms of the Plan and the administrative record before it. We also note that while we previously found no need to remand to the Plan for a new *eligibility determination,* the Plan never had an opportunity to make a factual determination as to the cause of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Moser's disability, and the court is now dealing with provisions which have never been interpreted or applied by the Plan. A remand to the Plan administrator is therefore appropriate. *See Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 951 (9th Cir. 1993) (remanding to plan administrator for factual determination as to cause of plaintiff's disability). We therefore remand to the district court with instructions to enter judgment for Moser on the issue of liability and to remand to the Plan administrator for further proceedings consistent with this disposition.

REVERSED AND REMANDED WITH INSTRUCTIONS.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.