**Ted LEWIS, Plaintiff,**

v.

**SAINT MARY'S HEALTHFIRST, a Nevada corporation, and Does I to X; Bland and White Companies, and Partnerships A & B, inclusive, Defendants.**

**No. CV–N–04–0550–LRH(RAM).**

United States District Court,
D. Nevada.

Oct. 21, 2005.

Herb Santos, Jr., Esq., The Law Firm of Herb Santos, Jr., Reno, NV, for Plaintiff, Ted Lewis.

James P. Baker, Esq., Jones Day, San Francisco, CA, for Defendant, Saint Mary's HealthFirst.

## ORDER

HICKS, District Judge.

Presently before this Court are cross-motions for summary judgment. Both Plaintiff and Defendants filed their motions for summary judgment (Docket Nos. 19 and 20) on May 16, 2005. Both parties submitted oppositions (Docket Nos. 23 and 25) and replies (Docket No. 26 and 28). Additionally, Defendants have twice submitted a "Motion for Leave to Submit Supplemental Authority to Reply Memorandum of Points and Authorities in Support of Defendant Saint Mary's Healthfirst's Motion for Summary Judgment" (Docket No. 29 and 31). Plaintiff opposed the second (Docket No. 32). Both parties requested oral argument on their motions for summary judgment. Those requests are denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The underlying facts of this case are undisputed and, in regard to the present motions, somewhat irrelevant. Plaintiff Ted Lewis was riding his all terrain vehicle ("ATV") over a track that involved multiple jumps on July 9, 2003. After successfully performing several jumps

Plaintiff suffered an accident, rolling his ATV and sustaining serious injuries to his lower body. Paramedics ("REMSA") were called and responded, taking Plaintiff to the hospital where he was treated.

No testing was done at the hospital concerning Plaintiff's blood alcohol level and Plaintiff alleges that he had not been drinking. However, the REMSA notes from the scene of the accident indicate that Plaintiff had admitted having six (6) beers prior to riding his ATV. Further, the emergency room notes also reflect Plaintiff admitting he had consumed a six-pack prior to riding his ATV.

When Defendant Saint Mary's Healthfirst, Plaintiff's medical insurance provider, received Plaintiff's health insurance claim, they denied coverage under their alcohol related injury clause. That clause excludes coverage for ". . . services provided as a result of injuries sustained while driving under the influence of controlled substances or alcohol, when convicted, as defined by current state law, or operating any device while under the influence of controlled substances or alcohol, unless administered on the advice of a physician." Plaintiff contested the denial of coverage, arguing he had not been convicted of driving under the influence and that an ATV was not a "device" under the language of the policy.

Plaintiff filed two timely appeals of the denial of coverage. Defendant denied the first appeal based on the same contractual language on which they originally relied. Plaintiff then submitted documentation showing there had been no blood alcohol content finding in his case and requested a second level appeal. Defendant once again denied coverage based on the original contract language and responded to Plaintiff's additional evidence by noting that the documentation only showed that no blood

tests had been done, not that they had come back negative.

Plaintiff then filed the present lawsuit, alleging two violations; breach of the health insurance plan and breach of Defendant's fiduciary duties. Both claims were brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*

## LEGAL STANDARD FOR SUMMARY JUDGMENT

A court must grant summary judgment if the pleadings and supporting documents, when viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). An issue as to any material fact is only "genuine" if the evidence regarding the disputed fact is "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to preclude summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.*

## DISCUSSION

At the outset, the Court notes that Defendant has alleged potential procedural defects which would warrant dismissal of Plaintiff's claims. However, Defendant has asked to waive these potential issues and proceed to a disposition on the merits. Since the Court determines that summary judgment is appropriate in this matter, it will accept Defendant's request and decide this matter on the merits.

## A. Breach of Health Care Plan

Plaintiff's first claim for relief alleges that Defendant breached the terms of the health care plan when it denied coverage. Plaintiff contends that the contract provision denying coverage for alcohol related injuries is vague and should be construed against Defendant. Further. Plaintiff contends that an ATV is a vehicle requiring a conviction for drunk driving to allow for denial of coverage, as opposed to a device as determined by Defendant.

### 1. Contract Interpretation

The clause at issue denies coverage for "... services provided as a result of injuries sustained while driving under the influence of controlled substances or alcohol, when convicted, as defined by current state law, or operating any device while under the influence of controlled substances or alcohol, unless administered on the advice of a physician." Both parties agree that this clause contemplates two distinct reasons for denying coverage: (1) injuries sustained from an accident when an underlying conviction for driving under the influence is obtained, and (2) operating a device while under the influence of alcohol or a controlled substance. Further, both parties acknowledge that no conviction for driving under the influence has been or will be entered against Plaintiff in this matter. Thus, the denial of coverage must turn on whether Plaintiff's use of an ATV constitutes use of a device.

Plaintiff argues that the dual nature of the clause implies that operation of a vehicle must result in a driving under the influence conviction if coverage is to be denied. In addition, Plaintiff contends that an ATV is a vehicle for purposes of the contract language. Defendant notes that the word vehicle is contained nowhere in the language of the contract clause and that, despite Plaintiff's allegations, an ATV is a device under the language of the contract.

An important note is that the contract also contained a clause reserving to Defendant "the exclusive right to interpret or to construe the terms" of the plan. (Def.Opp.Summ. J. 6). When a denial of ERISA benefits is alleged, the Court will conduct a *de novo* review "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan, in which case an abuse of discretion standard is applied." *Atwood v. Newmont Gold Co.*, 45 F.3d 1317, 1321 (9th Cir.1995) (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989)) (internal quotations omitted). An abuse of discretion will be found when a decision is made without explanation, conflicts with the plain language of the plan or is based on clearly erroneous findings of fact. *Id.* at 1323–24.

The present conflict arises over Defendant's interpretation of the plain language of the contract. Plaintiff contends that the term "device" is ambiguous and notes that ambiguities in insurance contracts governed by ERISA are to be construed against the drafter. *Kunin v. Benefit Trust Life Ins. Co.*, 910 F.2d 534, 540 (9th Cir.1990), *cert. denied*, 498 U.S. 1013, 111 S.Ct. 581, 112 L.Ed.2d 587 (1990). Defendant responds that the term "device" has a clearly defined meaning and that Plaintiff merely objects to its use in this instance.

The Court notes the similarities between the present case and *Atwood v. Newmont Gold Company*, 45 F.3d 1317 (9th Cir. 1995). In *Atwood*, the plaintiff argued that because his interpretation of the contract differed from the defendants, the terms involved must be ambiguous. The *Atwood* court disagreed, writing that ac-

cepting this type of argument would "completely do away with the abuse of discretion standard we must apply in reviewing Newmont's decision. Atwood does not argue that the plan is ambiguous, he argues that Newmont has misinterpreted the unambiguous terms of the plan." *Atwood*, 45 F.3d at 1324. The *Atwood* court continued by noting that an "ambiguous term is one that is susceptible of two or more distinct meanings. [*Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir.1993).] Terms that are merely vague or indefinite are not construed against the drafter under the doctrine of *contra preferentem*." *Id.* As in *Atwood*, Plaintiff does not set forth some alternative meaning of the contested language, here the term "device," he merely takes issue with the fact that Defendant includes ATV's within that defined meaning. "These determinations are entrusted to the administrator's discretion under the plan." *Id.*

In noting this similarity, it is important to specifically define Plaintiff's argument to ensure that he is not, in fact, arguing alternate meanings of the term "device." Plaintiff's argument centers around the fact that two distinct reasons for denying relief exist under the contested clause. Under Plaintiff's argument, the clause allowing for denial based on a conviction of driving under the influence necessarily implies operating a vehicle. Thus, argues Plaintiff, the term device must not include vehicles because allowing such a construction would render useless the first provision. Plaintiff's argument is unconvincing.

The Court notes first that even under the statutory scheme relied upon by Plaintiff to demonstrate that one provision governs vehicles and the other non-vehicular devices, a vehicle is considered a device. *See* Nev.Rev.Stat. 482.135 (vehicle means "every device in, upon or by which any person ... is or may be transported ...

upon a public highway"); Nev.Rev.Stat. 484.217 (vehicle means "every device in, upon or by which any person ... is or may be transported ... upon a public highway"). Thus, at Plaintiff's initial distinction a flaw exists as his reasoning is based on a false dichotomy.

Further, when both provisions are construed to cover devices, the first provision is not rendered meaningless by the second. Plaintiff contends that the provision allowing for denial based on convictions for driving under the influence would be meaningless should denial based on operating a device be read to have vehicles considered as devices. Plaintiff's argument is unpersuasive.

Under Nevada law, convictions for driving under the influence may only be had where a person, under the influence of intoxicating liquor, decides to "drive or be in actual physical control of a vehicle on a highway or on premises to which the public has access." Nev.Rev.Stat. 484.379(1). Highway is defined as every way dedicated to a public authority when any part is open to the use of the public for purposes of vehicular traffic. Nev.Rev.Stat. 484.065. Accordingly, should an alcohol related injury occur in a vehicle upon private property. Plaintiff's theory would dictate that Defendant would have no choice but to pay under the policy, no matter how intoxicated the driver. This is directly contrary to the obvious goal of the contract provision: preventing the irresponsible act of driving under the influence. By construing the term device to include vehicles, Defendant covers all types of alcohol and drug related injures.

As the above discussion shows, there is a standard meaning for the term device, which includes vehicles. Plaintiff's argument does not present a separate and distinct definition for device, but merely attempts to construe the language of the

disputed clause in a manner that allows for coverage rather than denies it. Accordingly, the proper standard of review is abuse of discretion when determining whether Defendant properly interpreted the clause, as it is allowed to do under the contract. *Atwood,* 45 F.3d at 1321.

### 2. Abuse of Discretion

Determining whether an interpretation constitutes an abuse of · discretion, the Court is guided by the knowledge that such a finding will exist only if the interpretation is arbitrary and capricious. *Canseco v. Constr. Laborers Pension Trust for S. Cal.,* 93 F.3d 600, 605 (9th Cir.1996). "The touchstone of arbitrary and capricious conduct is unreasonableness. [The Court's] inquiry is not into whose interpretation of plan documents is most persuasive, but whether the plan administrator's interpretation is unreasonable." *Clark v. Washington Teamsters Welfare Trust,* 8 F.3d 1429, 1432 (9th Cir. 1993) (quoting *MacDonald v. Pan American World Airways, Inc.,* 859 F.2d 742, 744 (9th Cir.1988)) (internal quotations omitted).

■ As noted above, the interpretation of Plaintiff's health insurance contract comports with the standard meaning of the word device, even under Plaintiff's argument. Further, the construction given the clause is consistent with the obvious reasons for including such a denial of benefits. Under such a scenario, it is illogical to conclude that Defendant abused its discretion by constructing an arbitrary and capricious reading of its contract. There is nothing unreasonable about the construction given to the clause by Defendant.

Further, in determining to deny coverage based on the use of alcohol, Defendant relied on competent and corroborated evidence in the form of two identical statements made to two different and distinct emergency medical personnel at two different times in the course of treatment. There is nothing arbitrary and capricious about relying on Plaintiff's own statements made during treatment as opposed to relying on Plaintiff's uncorroborated statements made only· after treatment has been denied.

Accordingly, Defendant is entitled to summary judgment on this claim.

### B. Violation of Fiduciary Duties

Plaintiff raises as a second claim, the allegation that Defendant violated several fiduciary duties imposed under the ERISA plan when it improperly denied Plaintiff's coverage. The Court first notes that this claim must fail based on the Court's prior determination that Defendant acted reasonably and did not abuse its discretion in denying coverage. As Defendant committed no· wrong, it could violate no fiduciary duties. However, Plaintiff's claim fails for another reason.

It is unclear from Plaintiff's complaint, pleadings and memoranda where Plaintiff attempts to secure authority for an individual claim for damages based on breach of fiduciary duties imposed by ERISA. Only two sections potentially contemplate such an award: 29 U.S.C. § 1109(a) and 29 U.S.C. § 1132(a)(3). Section 1109(a) has been construed to apply only to situations where the plan as a whole will benefit, and not to allow for individual damages to be collected from fiduciaries. *See Mass. Mut. Life Ins. Co. v. Russell,* 473 U.S. 134, 139–44, 105 S.Ct. 3085, 87 L.Ed.2d 96 (1985) (determining that individual does not have a private right of action against a fiduciary to an ERISA plan for extra-contractual compensatory or punitive damages).

■ Thus, Plaintiff is left to rely on the "catchall" provision of section 1132(a)(3) which provides for equitable relief when

violations of ERISA occur. "The Supreme Court has held that '[29 U.S.C. § 1132(a)(3) ] is a catchall provision that acts as a safety net, offering appropriate equitable relief for injuries cause by violations that [29 U.S.C. § 1132] does not *elsewhere* adequately remedy.' " *Ford v. MCI Communications Health & Welfare Plan,* 399 F.3d 1076, 1082 (9th Cir.2005) (emphasis in original) (quoting *Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 221 n. 5, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002)). As in *Ford,* because Plaintiff asserted specific claims under § 1132—specifically the claim for payment of improperly denied plan benefits which must necessarily arise out of 29 U.S.C. § 1132(a)(1)(B)—he cannot obtain relief under 29 U.S.C. § 1132(a)(3), ERISA's "catchall" provision. *Id.*

As such, there is no authority on which Plaintiff may lay his breach of fiduciary duty damages claim under ERISA. Summary judgment is thus appropriate for Defendant on this claim.

## CONCLUSION

It is therefore ORDERED that the Defendant's Motion for Summary Judgment (Docket No. 20) is GRANTED;

It is further ORDERED that Plaintiff's Motion for Summary Judgment (Docket No. 19) is DENIED;

It is further ORDERED that all motions to supplement the record are DENIED.