Mary CSANYI, Plaintiff–
Appellant/Cross–
Appellee,

v.

REGIS CORPORATION;  et al.,
Defendants–Appellees/Cross–
Appellants.

Nos. 06–16321, 06–16409.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 14, 2008 *.

Filed Jan. 22, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R.App. P. 34(a)(2).

Mary Csanyi, Scottsdale, AZ, pro se.

Ronald J. Stolkin, Esq., Janice Procter–Murphy, Esq., Fennemore & Craig, PC, Phoenix, AZ, for Defendants–Appellees/Cross–Appellants.

Before: HALL, O'SCANNLAIN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Mary Csanyi appeals pro se from the district court's judgment in favor of defendants following a bench trial in her employment action alleging discrimination, retaliation, and termination of health care benefits in violation of the Family and Medical Leave Act ("FMLA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's conclu-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

sions of law, and review its findings of fact for clear error. *Navajo Nation v. U.S. Forest Serv.*, 479 F.3d 1024, 1031 (9th Cir. 2007). We affirm in part, vacate in part, and remand.

■ The district court did not clearly err by finding that Csanyi failed to prove that her job transfer was motivated by her age, race, or national origin because there was evidence that the transfer was based on complaints about Csanyi's behavior at work and the need for stronger supervision. *See Lam v. Univ. of Hawai'i*, 40 F.3d 1551, 1565–66 (9th Cir.1994) (holding that the district court's finding of no discrimination was not clearly erroneous because the finding was supported by the record).

■ The district court properly dismissed Csanyi's retaliation claim under Federal Rule of Civil Procedure 52(c) because Csanyi failed to establish a causal link between the adverse action and the protected activity. *See Cohen v. Fred Meyer, Inc.*, 686 F.2d 793, 796–97 (9th Cir.1982) (holding that plaintiff could not establish a prima facie case of retaliation without evidence that the decisionmaker knew about plaintiff's protected activity when he made the decision that resulted in the adverse action).

■ Contrary to Csanyi's contention, the district court did not abuse its discretion by admitting defendants' exhibits into evidence. An adequate foundation was laid, the exhibits were relevant, and the exhibits were admissible for a nonhearsay purpose. *See Haddad v. Lockheed Cal. Corp.*, 720 F.2d 1454, 1456 (9th Cir.1983) (holding that complaints are not hearsay when offered not for the truth of the complaints but instead to show employer's receipt of complaints and employer's "nondiscriminatory intent in its employment practices"). Moreover, the district court

did not abuse its discretion by refusing to admit Csanyi's exhibit because it was hearsay. *See* Fed.R.Evid. 801(c), 802.

■ The district court did not abuse its discretion by denying Csanyi's motion to continue the trial. Csanyi failed to establish prejudice because all of her witnesses testified and she has not identified what additional testimony would have been offered or how such testimony would have changed the result. *See Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 961 (9th Cir. 2001) (noting that a district court's ruling denying a motion to continue the trial will not be disturbed absent a showing of prejudice).

■ The district court properly dismissed Regis from the action because Csanyi failed to prove that she was an employee of Regis. *See Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir.1999) (explaining that a plaintiff must establish that he or she is an employee to be entitled to protection under Title VII); *Barnhart v. N.Y. Life Ins. Co.*, 141 F.3d 1310, 1312 (9th Cir.1998) (same under the Age Discrimination Employment Act); 29 U.S.C. §§ 2611(2), 2614 (indicating that the FMLA covers "eligible employees").

■ The district court improperly concluded that Csanyi failed to prove that Supercuts violated the FMLA. The district court clearly erred by finding that Csanyi failed to prove that her health insurance was terminated while she was on FMLA leave because the parties stipulated in the Final Pretrial Order that Csanyi's health insurance benefits were terminated while on approved FMLA leave. *See Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir.1993) (holding that parties are bound by the stipulated facts in a pretrial order).

■ Although the parties stipulated that Csanyi's health insurance was termi-

nated while she was on approved FMLA leave, they did not specify the date. The undisputed evidence at trial established that Csanyi's insurance ended on September 30, 2003.[1] Because Csanyi mailed a check to Supercuts in the amount of $186.00 to cover her portion of her health insurance premium for October 2003 while she was on FMLA leave, Supercuts was required to provide health insurance through the end of October 2003. *See* 29 U.S.C. § 2614(c)(1); 29 C.F.R. § 825.100(b) ("An employee on FMLA leave is . . . entitled to have health benefits maintained while on leave as if the employee had continued to work instead of taking the leave. If an employee was paying all or part of the premium payments prior to leave, the employee would continue to pay his or her share during the leave period."); *Bachelder v. Am. W. Airlines, Inc.*, 259 F.3d 1112, 1122 & n. 7 (9th Cir.2001). Because Supercuts failed to do so, it interfered with Csanyi's rights in violation of the FMLA and is liable for damages and, if appropriate, equitable relief. *See* 29 C.F.R. § 825.220(b) (explaining that any violation of the FMLA constitutes interference with rights under the FMLA); 29 U.S.C. § 2615 (prohibiting an employer from, *inter alia*, interfering with an employee's exercise of rights under the FMLA); 29 U.S.C. § 2617(a)(1) (providing remedies for violations of § 2615); *see also Liu v. Amway Corp.*, 347 F.3d 1125, 1132–33 (9th Cir.2003).

Accordingly, we vacate the judgment as to the FMLA claim and remand for a determination of appropriate remedies under 29 U.S.C. § 2617(a).

Because we affirm the district court judgment as to the retaliation and race discrimination claims, we do not consider defendants' cross-appeal on those claims.

Each party shall bear its own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

1. Relying on a medical billing statement indicating, *inter alia*, insurance adjustments in October 2003 and January 2004, the district court inferred that insurance payments had been made after September 30. There was, however, no evidence presented at trial to show that an insurance adjustment is tantamount to an insurance payment.

