NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALECK SIMONIA, | No. 09-55569 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-08090-VBK |
| v. | |
| GLENDALE NISSAN/INFINITI DISABILITY PLAN, an ERISA plan; THE HARTFORD INSURANCE COMPANY, a corporation, | MEMORANDUM [*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Victor B. Kenton, Magistrate Judge, Presiding

Submitted May 3, 2010 [**]
Pasadena, California

Before: O'SCANNLAIN and TALLMAN, Circuit Judges, and LEFKOW, [***]
District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, sitting by designation.

Plaintiff-Appellant Aleck Simonia ("Simonia") appeals a district court decision and judgment in favor of Defendants-Appellees Glendale Nissan/Infiniti Disability Plan and the Hartford Insurance Company ("Hartford") following a one-day bench trial in his Employee Retirement Income Security Act ("ERISA") action seeking continuing long-term disability benefits for depression. The parties are familiar with the facts of the case and we do not repeat them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the judgment of the district court.

We need not reach Simonia's argument regarding the appropriate standard of review, because we agree with the district court that "even if [we] adopted a *de novo* standard of review, the conclusion would be the same." *Simonia v. Hartford Ins. Co.*, 606 F. Supp. 2d 1091, 1098 (C.D. Cal. 2009).

Hartford did not err in determining that Simonia was no longer physically disabled. Even assuming that Hartford violated 29 C.F.R. § 2560.503-1(h)(3)(iv) by failing to identify the "Rehabilitation Clinical Case Manager" by name, Simonia points to no prejudice resulting from such violation that would merit any relief. *See Parker v. Bank of Am.*, 50 F.3d 757, 769 (9th Cir. 1995). Because the 2007 Assessment of Employability explained the underlying methodology for its conclusion, we are satisfied that Hartford substantially complied with ERISA

claims procedures and therefore provided Simonia's claim the requisite full and fair review. *See Brogan v. Holland*, 105 F.3d 158, 165–66 (9th Cir. 1997).

Hartford similarly did not err in classifying Simonia's diagnosis of depression as a "mental disorder" subject to the plan's twelve-month payment limit. Here, unlike in *Kunin v. Benefit Trust Life Insurance Co.*, 910 F.2d 534, 541 (9th Cir. 1990), and *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993) (per curiam), the doctrine of *contra proferentem* does not apply. Under the plan, "'Mental Disorder' means a disorder found in the current diagnostic standards manual of the American Psychiatric Association." Simonia's psychiatrist, Dr. Lukas Alexanian, repeatedly diagnosed Simonia as "depressed" and "severely depressed." The "current diagnostic standards manual of the American Psychiatric Association" is the Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition Text Revision. Depressive disorders are "found" on pages 369 to 382. *See Diagnostic and Statistical Manual of Mental Disorders*, Fourth Edition Text Revision (2000) at 369–82.

Simonia's depressive disorder is unambiguously a "mental disorder" under the plain language of the plan, and as a result, the doctrine of *contra proferentem* does not apply. *Cf. Kunin*, 910 F.2d at 541. Simonia's argument that his depression is caused by a prior physical disorder is thus unavailing. *See id.*

3

Hartford did not err by invoking the plan's twelve-month limitation on disability payments for mental disorders.

Simonia's separate appeal seeking attorney fees—No. 09-56025—has been held in abeyance pending the Supreme Court's disposition of *Hardt v. Reliance Standard Insurance Co.*, Sup. Ct. No. 09-448. This disposition shall have no effect on the order of abeyance in that case.

**AFFIRMED.**