FILED

FEB 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JANICE PARKER, | No. 09-56674 |
| Plaintiff - Appellant, | D.C. No. 5:07-cv-01512-SGL-OP |
| v. | |
| VULCAN MATERIALS COMPANY LONG TERM DISABILITY PLAN, an ERISA plan, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Stephen G. Larson, District Judge, Presiding

Submitted February 9, 2011[**]
Pasadena, California

Before: D.W. NELSON, REINHARDT, and N.R. SMITH, Circuit Judges.

Janice Parker appeals the district court's affirmance of Hartford's denial of

her claim for disability benefits. The district court applied abuse of discretion

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review and found that Hartford had not abused its discretion in denying benefits. We reverse and remand to the district court.

1.    On appeal, Hartford argues for the first time that the court should apply the 2004 plan which gives Hartford discretion to interpret the plan terms and determine eligibility for benefits. Hartford had previously affirmatively asserted that the 1997 plan applied to Parker's claim and did not dispute the issue before the district court. Absent exceptional circumstances, this court will not address issues not raised before the district court. *AlohaCare v. Hawaii, Dept. of Human Servs.*, 572 F.3d 740, 744 (9th Cir. 2009). Therefore, we hold that the 1997 plan is applicable.

2.    The district court erred in holding that the standard of review under the 1997 plan was abuse of discretion. The default standard of review in an ERISA case is de novo, unless the plan grants the administrator discretionary authority. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). The relevant language in the 1997 plan states only that claimants are entitled to "a full and fair review" of their claims. Such language is not an unambiguous grant of discretion; therefore, the correct standard of review is de novo. *Sandy v. Reliance Standard Life Ins. Co.*, 222 F.3d 1202, 1206 (9th Cir. 2000).

3.    The district court erred in holding that the mental disorder limitation was not implicated in Hartford's denial of Parker's claim. Hartford stated, in its

letters and district court briefs, that it discontinued paying Parker's benefits because of the 24-month mental disorder limitation. Although Hartford ultimately denied Parker's claim on the ground that she did not prove she was disabled by a physical defect, Hartford refused to consider Parker's previously acknowledged mental disabilities because of the mental disorder limitation. Therefore, the mental disorder limitation was implicated.

4. Hartford's mental disorder limitation is similar to that in *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950 (9th Cir. 1993). The limitation is ambiguous, because it is not clear "whether a disability is to be classified as 'mental' by looking to the cause of the disability or to its symptoms" or whether a disability resulting from "a combination of physical and mental factors" is included in the limitation. *Id.* Since ambiguities are construed against the drafter, Parker's illness is not within the limitation if a physical illness contributes to, or is a cause or symptom of, the mental disorder. *Id.* at 950-51. Thus, if Parker's depression caused her physical symptoms, she would still be entitled to benefits. Similarly, if her physical problems contributed to the depression and anxiety that Hartford previously found to be totally disabling, she is still entitled to benefits, regardless of the limitation.

Because the district court did not consider the mental disorder limitation or apply the correct definition of that limitation, we remand for consideration

consistent with this disposition. *See Mongeluzo v. Baxter Travenol Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995).

REVERSED and REMANDED