**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

PAMELA LEE,

          Plaintiff - Appellant,

  v.

KAISER FOUNDATION HEALTH
PLAN LONG TERM DISABILITY
PLAN,

          Defendant - Appellee.,

METROPOLITAN LIFE INSURANCE
COMPANY,

          Counter-claimant - Appellee.

No. 12-15579

D.C. No. 3:09-cv-02176-JW

MEMORANDUM*

Appeal from the United States District Court
for the Northern District of California
James Ware, District Judge, Presiding

Argued and Submitted February 14, 2014
San Francisco, California

Before: KOZINSKI, Chief Judge, and O'SCANNLAIN and MURGUIA, Circuit
Judges.

---

     *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Appellant Pamela Lee, a former employee of Kaiser Foundation Health Plan, Inc. ("Kaiser"), appeals from the district court's order granting summary judgment. In the district court, Lee unsuccessfully disputed the benefit determination by Metropolitan Life Insurance Co. ("MetLife"), the third-party administrator of her employer-sponsored long-term disability (LTD) program, a plan subject to the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq. We affirm the district court in full.[1]

## I

When governing documents confer discretion on the administrator of an ERISA plan, courts review its determinations for abuse of discretion. *See, e.g.*, *Conkright v. Frommert*, 559 U.S. 506, 512 (2010). The documents governing Kaiser's LTD benefit program, read together, unambiguously delegated "complete discretionary authority" to MetLife and mandated that MetLife's determination "be given the maximum possible deference allowed by law." *See Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1999) (en banc). Furthermore, structural conflicts, such as when an insurance company is both fiduciary of a plan and payor

---

[1]"We review de novo the district court's grant of summary judgment"; in the context of ERISA cases, this standard requires us to "review de novo a district court's choice and application of the standard of review to decisions by fiduciaries." *Gilliam v. Nev. Power Co.*, 488 F.3d 1189, 1192 n.3 (9th Cir. 2007) (internal quotation marks omitted).

of the benefits thereunder, do not divest the administrator of his delegated

discretion. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115–16 (2008). Rather,

they weigh more or less heavily as factors in the abuse-of-discretion calculus. *See*

*Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989); *see also Abatie*

*v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006) (en banc) ("We

read *Firestone* to require abuse of discretion review whenever an ERISA plan

grants discretion to the plan administrator, but a review informed by the nature,

extent, and effect on the decision-making process of any conflict of interest that

may appear in the record."). The district court properly reviewed MetLife's

decision for abuse of discretion.[2]

Lee has not shown that MetLife's structural conflict as both administrator

and payor weighs heavily against its exercise of discretion in her case. In the first

place, Lee has not offered any credible evidence that MetLife's procedures are

unreasonable. Secondly, her allegations concerning the bias of the independent

---

[2]We decline to address Lee's argument that the California Insurance
Commissioner withdrew approval of the contract. Lee summarily mentioned such
argument in her opening brief and did not cite any legal authority, and offered only
a terse description in her reply. She has failed, therefore, to raise the issue
adequately. *See Retlaw Broad. Co. v. NLRB*, 53 F.3d 1002, 1005 n.1 (9th Cir.
1995).

physician consultants (IPCs), whose reports MetLife considered in making its final determination, are speculative and conclusory.[3]

## II

By determining that Lee's putative disability qualified as a "Mental or Nervous Disorder or Disease," and thereby limiting her LTD benefits to twenty-four months pursuant to the provisions of the plan documents, MetLife did not abuse its discretion. Unlike the plans at issue in *Patterson v. Hughes Aircraft Co.*, 11 F.3d 948, 950–51 (9th Cir. 1993), and *Lang v. Long-Term Disability Plan of Sponsor Applied Remote Technology, Inc.*, 125 F.3d 794, 799 (9th Cir. 1997), the benefit limitation applicable to psychiatric disabilities does not suffer from ambiguity.[4] Thus, Lee has not demonstrated that MetLife acted unreasonably by paying Lee only twenty-four months of benefits. *See Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 675–76 (9th Cir. 2011).

**AFFIRMED.**

---

[3]Such allegations, furthermore, are insufficient to show that the district court improperly denied her discovery concerning the bias of one IPC.

[4]The relevant plan document defines "Mental or Nervous Disorder or Disease," as "a medical condition of sufficient severity to meet the diagnostic criteria established in the current Diagnostic And Statistical Manual Of Mental Disorders." If Lee's disabling condition meets these criteria, then whether it arose from physical causes, psychiatric causes, or a combination of both is irrelevant.